ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2012 JUN 27  PM 4: 56

DUBLIN DIVISION

CLERK_____
SO. DIST. OF GA.

TERI LYNN HINKLE,            )
                            )
        Plaintiff,           )
                            )
    v.                       )        CV 312-052
                            )
ARS NATIONAL SERVICES, INC., )
                            )
        Defendant.           )

## O R D E R

     Plaintiff has paid the $350.00 filing fee in the above-captioned Fair Credit Reporting Act case. Because she is proceeding *pro se*, the Court will provide Plaintiff with some basic instructions regarding the development and progression of this case.

     Initially, Plaintiff is responsible for serving the defendant. To do so, she must first obtain from the Clerk of Court an appropriate number of copies of: (1) the notice of lawsuit and request for waiver of service of summons form; and (2) the waiver of service of summons form. Thereafter, she must complete a notice of lawsuit and request for waiver of service of summons form, and she must then mail said form by first class mail along with the original complaint and a blank waiver of service of summons form to the defendant and request that the defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). The Court **HEREBY NOTIFIES** Plaintiff that she has 120 days from the date her complaint was filed to serve the defendant. Fed. R. Civ. P. 4(m). The failure to do so may result in the dismissal of her case. Id. Individual and corporate defendants have a duty to avoid

unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty (60) days after the date Plaintiff mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, should the defendant choose not to waive formal service of the summons, Plaintiff is still responsible for properly effecting service of the summons and complaint. Fed. R. Civ. P. 4(c)(l)-(2) & (h).

**IT IS ORDERED THAT** Plaintiff shall serve upon the defendant, or upon its attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to defendant's counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the

2

pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[1]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from any defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the defendant's answer.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when

---

[1]The Local Rules may be found on the Court's website at www.gasd.uscourts.gov/.

needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ.

P. 37, she should first contact the attorney for the defendant and try to work out the problem;

if Plaintiff proceeds with the motion to compel, she should also file a statement certifying

that she has contacted opposing counsel in a good faith effort to resolve any dispute about

discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies

are required, these may be obtained from the Clerk of the Court at the standard cost of fifty

cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and

serve her response to the motion within fourteen (14) days of its service. "Failure to respond

shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff

fails to respond to a motion to dismiss, the Court will assume that there is no opposition to

the motion.

A response to a motion for summary judgment must be filed within twenty-one (21)

days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that

there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth

in a defendant's statement of material facts will be deemed admitted unless specifically

controverted by an opposition statement. Should the defendant file a motion for summary

judgment, Plaintiff is advised that she will have the burden of establishing the existence of

a genuine issue as to any material fact in this case. That burden cannot be carried by reliance

on the conclusory allegations contained within the complaint. Should a defendant's motion

for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if she

4

desires to contest a defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in a defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this *27th* day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE