# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

Terri Lynn Hinkle

     Plaintiff,

v.

     CIVIL ACTION
     FILE NO. 3:12-cv-00052-DHB-WLB

ARS National Services, Inc.,

     Defendant.

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW ARS National Services, Inc., (hereinafter referred to as "Defendant") and shows this Court that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) as follows:

## FACTUAL ALLEGATIONS

Plaintiff alleges Defendant violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*., by obtaining Plaintiff's credit report without a permissible purpose.  [Compl. ¶ 20] Plaintiff merely alleges Defendant obtained her TransUnion consumer credit report in May 2010 without any other factual allegations regarding Defendant's behavior.  [Compl. ¶ 17] Defendant received a copy of the summons and complaint via certified mail on June 22, 2012 [Ex. A, ¶ 3]  The Defendant has not received a waiver of service form from Plaintiff and is unaware of any other service upon Defendant other than the June 22, 2012 certified

letter.  [Ex. A, ¶ 4, 5 and 6.] This is one of eleven suits Plaintiff has filed in this

court in the past year.  In at least two other cases, Plaintiff brought prior complaints

against other entities with similar allegations which were dismissed for failure to

state a claim and Plaintiff again filed almost identical FCRA claims.[1]  This Court

has already dismissed one of these cases and the case at bar is analogous to the

dismissed matter.[2]

**<u>STANDARD OF REVIEW</u>**

Fed. R. Civ. P. 12(b)(5) and (6) provide this Court the authority to dismiss

Plaintiff's Complaint for Plaintiff's failure to properly serve Defendant and for

failure to state a claim upon which relief may be granted.  The Supreme Court has

stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, a plaintiff's obligation to provide the grounds

of his entitlement to relief requires more than labels and conclusions, and a

---

[1] See, *Hinkle v. Northland Group, et al.,* 3:11-cv-00063, doc. no. 4(S.D. Ga. June 24, 2011); *Hinkle v. Northland Group, et al.,* 3:11-cv-00063, doc. no. 5(S.D. Ga. July 26, 2011); *Hinkle v. Northland Group, Inc. et al.,* 3:11-00092, doc. 1 (S.D. Ga. Sept. 7, 2011); *Hinkle v. CBE Group et al.,* 3:11-cv-00065, doc. 4 (S.D. Ga. July 26, 2011); *Hinkle v. CBE Group et al.,* 3:11-cv-00065, doc. 5 (S.D. Ga. July 26, 2011); *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 6 (S.D. Ga. Feb. 2, 2012); and *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 8 (S.D. Ga. Feb. 29, 2012).
[2] *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 6 (S.D. Ga. Feb. 2, 2012); and *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 8 (S.D. Ga. Feb. 29, 2012).

formulaic recitation of the elements of a cause of action."[3]  To state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4]

Plaintiff is proceeding pro se and typically pro se litigants are held to a less stringent standard than pleadings drafted by attorneys and will, therefore be liberally construed.[5]  However, a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.[6]

## I.   Plaintiff Failed to Properly Serve Defendant With Summons and Complaint

Proper service on a corporation under the Federal Rules of Civil Procedure requires a plaintiff to personally serve the summons and complaint on an officer or authorized agent of the corporation or by other means permissible under the Georgia Civil Practice Act.[7]  O.C.G.A. §9-11-4(e)(1) allows service on a corporation by personally serving the president, officer, secretary, cashier, managing agent or other agent.  If a plaintiff is unable to serve one of these

---

[3] *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); see also, *Ashcroft v. Iqbal,* 550 U.S. ____, 129 S. Ct. 1937, 1949 (2009)("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
[4] *Ashcroft v. Iqbal,* 550 U.S. ____, 129 S. Ct. 1937, 1949 (2009)
[5] *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).
[6] *McNeil v. United States,* 508 U.S. 106, 113 (1993)(explaining that we "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel).
[7] Fed. R. Civ. P. 4(h).

representatives of the corporation, O.C.G.A. § 9-11-4(e)(1) allows service on the Secretary of State and mailing a copy of the summons and complaint to a known officer. The Federal Rules also allow a corporation to waive service if waiver of service is requested.[8] Otherwise, service via mail is inadequate under the Federal and Georgia Rules.[9]

Plaintiff's service on Defendant via certified mail is inadequate. Plaintiff has only served Defendant via certified mail. [Ex. A, ¶ 3-6] This type of service is inadequate under both the Federal and State Rules of Civil Procedure. In the event Plaintiff attempted to serve process via the Secretary of State, Plaintiff has failed to show she first attempted service on Defendant's officers, president, secretary, cashier or other agent. Furthermore, Plaintiff has failed to send certified mail to Defendant's known officer, pursuant to O.C.G.A. § 9-11-4(e)(1). There is no evidence Plaintiff requested a waiver of service from Defendant and Defendant is unaware of any request of service. [Ex. A, ¶ 4-6] Due to Plaintiff's failure to perfect service against Defendant, this Court lacks personal jurisdiction over

---

[8] Fed. R. Civ. P. 4(d). It should also be noted, this Court has provided Plaintiff instructions on how to request a waiver of service from Defendant, see Doc. 4.
[9] *McHaffie v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 58579, *7-8 (M.D. Ga. 2011), *Skeete v. Moon,* 2009 U.S. Dist. LEXIS 73742, * 12 (M.D. Ga. 2009), *Crane v. Lazaro, et al.,* 281 Ga. App. 127, 128 (Ga. App. 2006) and *KMM Industries, Inc. v. Professional Placement Association, Inc.,* 164 Ga. App. 475, 475-76 (Ga. App. 1982), *Goodman v. Diaz,* 646 F. Supp. 52, 54 (Ga. App. 1986).

Defendant.[10]  Defendant respectfully requests that Plaintiff's Complaint be dismissed because Plaintiff has failed to perfect service on Defendant and this Court, therefore lacks personal jurisdiction over Defendant.

## II.    Plaintiff Has Failed To State A Claim Against Defendant

The FCRA provides a number of circumstances where furnishing a consumer report would be considered a permissible purpose.[11]  These circumstances include by court order,[12] written authorization of the consumer,[13] in connection with a credit transaction involving the consumer,[14] for employment purposes,[15] in connection with the underwriting of insurance involving consumer,[16] in connection with a determination of the consumer's eligibility for a license or other benefit grated by a governmental instrumentality,[17] in connection with a valuation of, or an assessment of the credit or prepayment risks associated with an existing credit obligation,[18] and any otherwise legitimate business need for the information.[19]

Plaintiff has once again failed to provide any factual allegation regarding the alleged impermissible purpose for pulling her credit report.  This Court previously

---

[10] *Printed Media Servs., v. Solna Webb, Inc.,* 11 F.3d 838, 843 (8th Cir. 1993).
[11] 15 U.S.C. § 1681b.
[12] 15 U.S.C. § 1681b(a)(1).
[13] 15 U.S.C. § 1681b(a)(2).
[14] 15 U.S.C. § 1681b(a)(3)(A).
[15] 15 U.S.C. § 1681b(a)(3)(B)..
[16] 15 U.S.C. § 1681b(a)(3)(C).
[17] 15 U.S.C. § 1681b(a)(3)(D).
[18] 15 U.S.C. § 1681b(a)(3)(E).
[19] 15 U.S.C. § 1681b(a)(3)(F).

held "Plaintiff provides no specific facts in support of her assertion of willful noncompliance with the FCRA."[20]  In Plaintiff's current complaint, she merely adds an allegation she "had no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy." [Compl. ¶ 17] Plaintiff appears to argue she never had an account directly with Defendant for which it would have a permissible purpose to pull her credit report. However, Plaintiff fails to take heed of this Court's advise that "not all of the permissible purposes for a user of information to access a consumer report under § 1681b involve the consumer directly entering into an interaction with the user."[21] In the event a collection agency is retained by a creditor to collect a debt owed by a consumer, then that collection agency would have a "permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as they relate to a transaction that the consumer initiated with the creditor."[22] Plaintiff has not provided sufficient factual allegations, which accepted as true, could state a claim for relief that is plausible on its face.  Simply adding a factual

---

[20]*Hinkle v. ARS National Services, Inc.,* 3:11-cv-00058, doc. 4, p. 4 (S.D. Ga. July 26, 2012); See also, *Hinkle v. CBE Group et al.,* 3:11-00091, doc. 6, p. 5 (S.D. Ga. Feb. 3, 2012) ("as the Court has repeatedly explained [citation omitted], it is not necessary for Plaintiff to have had direct dealings with Defendant; for example, one of the 'permissible purposes' for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer.")

[21] *Hinkle v. ARS National Services, Inc. et al.,* 3:11-cv-00058, doc. 4, p. 4 (S.D. Ga. July 26, 2011).

[22] *Id.*

allegation that Plaintiff did not have an account with Defendant is insufficient to state a claim under the FCRA; therefore, Plaintiff's complaint should be dismissed.

Plaintiff adds additional facts which have nothing to do with Defendant pulling Plaintiff's credit report.  Plaintiff alleges she sent notice to Defendant regarding the alleged FCRA violation and Defendant failed to provide any justification for obtaining her credit report. [Compl. ¶ 18 and 21] This Court has already held in another case brought by Plaintiff these additional allegations are insufficient:

> Moreover, Plaintiff has not pointed to any provision of the FCRA that requires Defendant to provide a written response to her requests that it provide a permissible purpose for accessing her consumer report.  Stated another way, although Plaintiff has elaborated on her original complaint by explaining that she gave Defendant an opportunity to justify accessing her credit report, Defendant's failure to respond does not establish that Defendant accessed her credit report without a permissible purpose.[23]

These allegations have no bearing on a FCRA claim and even being accepted as true fail to state a claim for relief.  Plaintiff's entire factual allegations are a mix of recitations of the elements of a cause of action and irrelevant facts regarding justification for pulling a credit report.  Plaintiff's complaint fails to state a viable claim and should be dismissed.

## **CONCLUSION**

Plaintiff has failed to properly serve Defendant either under the Federal or Georgia Rules of Civil Procedure and this Court lacks personal jurisdiction over

---

[23] *Hinkle v. CBE Group,* 3:11-cv-00091, doc. 6, p. 6 (S.D. Ga. Feb. 3, 2012).

the Defendant.  Plaintiff has failed for a second time to state a claim against Defendant and Plaintiff's complaint should be dismissed.

Respectfully submitted this 13th day of July, 2012.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 203
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com