FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUL 26 AM 9: 46

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **Teri Lynn Hinkle**<br>    Plaintiff<br><br>vs<br><br>**ARS NATIONAL SERVICES, INC.**<br>    Defendant | Civil Action File No:<br>3:11-cv-00052-DHB-WLB |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, Teri Lynn Hinkle asks the court to deny Defendant's motion to dismiss and states as follows:

#### INTRODUCTION

1. Plaintiff is Teri Lynn Hinkle; Defendant is ARS NATIONAL SERVICES, INC., hereinafter ARS.

2. Defendant filed a Motion to Dismiss in this case on July 13, 2012 pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure.

3. Plaintiff filed suit against Defendant for violations of the FCRA on June 15, of 2012.

4. Plaintiff has filed previous actions In Forma Pauperis whereby Defendants in those cases were served via the U.S. Marshall Service. This case is the first Plaintiff has filed by payment of the filing fee.

5. When Plaintiff received the stamped SUMMONS sent by the Clerk of Court, Plaintiff arranged to have service perfected by a third party with appropriate copies of the Original Complaint and SUMMONS being served.

6. After the SUMMONS was already served by the third party server, Plaintiff received an Order from the Court requiring Plaintiff to serve a Notice of Waiver and Waiver of Service form to Defendant. Plaintiff acknowledges the procedural error and has taken steps to remedy the error. Plaintiff apologizes to the Court for her error in service.

7. Defendant's registered agent; Corporation Service Co. d/b/a Lawyers Incorporating Service, 2730 Gateway Oaks Drive Ste. 100, Sacramento, California 95833 was sent by USPS Certified/Registered mail #70112970000056529417, a Notice of Waiver, Waiver of Service form and required return materials on July 19, 2012 and said registered agent received the packet on July 23, 2012 according to USPS records. (See **EXHIBIT A**).

8. Plaintiff files this response asking the court to deny Defendant's motion.

## STATEMENT OF FACTS

9. This case stems from what appeared to be the actions of the Defendants in their efforts to collect an alleged debt from Plaintiff and in doing so acquiring the TransUnion Credit report of Plaintiff in May of 2010.

10. Plaintiff contacted Defendant on May 12, 2011 and on May 31, 2011 by written correspondence in an effort to discuss and resolve the matter.

11. Plaintiff received a response, from Salvo Law Firm dated June 2, 2011 in which Cindy D. Salvo claimed Defendant had permissible purpose under the FCRA § 604(A)(3)(A) as codified by 15 U.S.C. § 1681b stating the relevant part she relied on to be:

    i. [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other...

    ii. (3) To a person which it has reason to believe

        (A) **intends to use the information in connection with a credit transaction involving the consumer** on whom the information is to be furnished and involving the extension of an account of, the consumer.

12. To date Defendant has furnished no documented proof that such an account existed that could possibly provide any legitimate claim on which they could collect. Instead Ms. Salvo claimed in her letter that the action of ARS is a "standard industry practice". Past practice does not necessarily equate to following the law and ARS failed to do so.

13. Defendant has not shown through any evidence on the court record that there was any possible legitimate business need or purpose that would allow them to obtain the Plaintiff's credit report under the FCRA at any time.

14. Defendant has stated in its Motion that two prior cases filed by Plaintiff were almost identical FCRA claims and that one was dismissed for failure to state a claim and that the remaining case is analogous to the dismissed matter.

15. With regard to Hinkle vs CBE[1], the case number Defendant cites was dismissed without prejudice at Plaintiff's request and re-filed at a later date. After re-filing the case under a new case number[2] Plaintiff chose to accept the court's ruling for dismissal without objection due to the fact that Plaintiff had suffered a house fire and was at the time living on a porch without access to office equipment and files. Plaintiff filed motions for extensions of time on the other case, Hinkle vs NORTHLAND GROUP[3] which was also

cited incorrectly, and also dismissed without prejudice at Plaintiff's request, later re-filed and given a different case number[4].

16. Plaintiff did move forward to the Discovery process in Hinkle vs NORTHLAND GROUP[4] and subsequently reached an amicable settlement with NORTHLAND GROUP on July 12, 2012. A Motion for Order of Dismissal, With Prejudice was entered into the case by Plaintiff on July 18, 2012 after completion of a settlement agreement by both parties.

17. Defendant claims permissible purpose pursuant to 15 U.S.C. § 1681b(a)(3)(A) and states… "would permit a collection agency retained by a creditor to collect on an account of the consumer". There is no fact evidence before the court or in the Plaintiff's possession which would support any such retention of Defendant by any creditor nor has Defendant ever attempted to provide any evidence of such when requested to do so by Plaintiff.

18. The allegations brought forth by Plaintiff of violation of the FCRA are based upon a lack of any evidence on the record that could even remotely indicate a permissible purpose to obtain Plaintiff's credit report.

---

[1] Hinkle vs CBE GROUP, et al., 3:11 – cv – 00065 was dismissed without prejudice at Plaintiff's request.
[2] Hinkle vs CBE GROUP, et al., 3:11-cv-00091 was dismissed by Court without Plaintiff's objection (see above)
[3] Hinkle vs NORTHLAND GROUP, et al., 3:11 – cv – 00063, was dismissed without prejudice at Plaintiff's request.
[4] Hinkle vs NORTHLAND GROUP, et al., 3:11-cv-00084 was settled between parties (see above)

19. Defendant has further claimed that Plaintiff "appears to argue she never had an account directly with Defendant for which it would have a permissible purpose to pull her credit report." This is a false statement as Plaintiff has clearly alleged that no "account" exists or existed with **any entity** for which Defendant could claim a permissible purpose in obtaining her credit report. Defendant presents no factual evidence to the contrary.

## STANDARD OF REVIEW

20. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

21. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests." Friends of Lake View School District v. Beebe, 578 F. 3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 W. Ct. 1937, 1950 (2009).

22. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89. 93-

94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely" Twombly, 550 U.S. at 556.

## ARGUMENT

23. In this case, Plaintiff alleged a cause of action for violation of the FCRA. The elements are:

   a. That ARS obtained Plaintiff's credit report from TransUnion in May of 2010 with no permissible purpose.

   b. That Plaintiff has stated succinctly in her complaint that she has never had any type of dealings with ARS and clearly alleges that there could not be any other accounts that COULD provide any basis for a legitimate permissible purpose to obtain her credit report at any time.

   c. That there is no evidence before the court of any "credit transaction, reasonable expectation of a credit transaction or anticipation of same" with any entity whereby Defendant could claim a permissible purpose to obtain Plaintiff's credit report.

   d. That Plaintiff never gave her consent for the Defendant to obtain her credit report from any agency at any time.

24. Defendant has made nothing more than generic statements in regard to alleged permissible purposes in its motion without providing any factual information as to when and where any alleged account may have originated.

25. Defendant should not be allowed to make an unsubstantiated claim of the existence of an alleged account and expect the court to dismiss a well pled claim against it as a result.

26. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief that is plausible on its face, " *Bell Atlantic v Twombly*, 550 U.S. 544, 570 (2007). Plaintiff sufficiently alleged facts necessary to prove each element of her cause of action and the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff.

## CONCLUSION

27. Defendant's Motion to Dismiss is rife with untrue, incorrect and erroneous statements and allegations and comes up woefully short of any substantive or remotely plausible explanation in rebuttal to the issues raised in Plaintiff's complaint.
28. Because Plaintiff's factual allegations support a claim on which relief can be granted, and Plaintiff has corrected the procedural error stated in the Defendant's motion, the court should deny Defendant's motion and retain the case on the Court's docket

WHEREFORE, because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff has corrected the procedural error of proper service, Plaintiff respectfully requests the Court deny the Defendant's Motion and allow Plaintiff's claim to move forward to trial on the merits. . In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the complaint.

Dated: July 24, 2012

Respectfully Submitted,

*Teri Lynn Hinkle*
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132

# EXHIBIT "A"



## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: July 24, 2012

*Teri Lynn Hinkle*
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

BEDARD LAW GROUP, P.C.
Jonathan K. Aust, Esq.
2810 Peachtree Industrial Blvd, Ste. D
Duluth, Georgia 30097

322 Bethel St.
Eastman, Georgia
31023




1000    30903

Clerk U.S. District Court
Post Office Box 1130
Augusta, Georgia
30903