IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>      Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>      Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Defendant ARS National Services, Inc., (hereinafter referred to as "Defendant") and respectfully submits this Reply Brief in support of its Motion To Dismiss.

Plaintiff's admits critical information missing from her original complaint. Plaintiff admits Defendant was attempting to collect an unpaid account from her stating, "….what appeared to be the actions of the Defendants [sic] in their efforts to collect an alleged debt from Plaintiff and in doing so acquiring the TransUnion Credit report of Plaintiff in May of 2010." [Doc. 8, pg. 2] In addition, Plaintiff admits being told by the Salvo Law Firm about the basis for Defendant's permissible purpose under 15 U.S.C. § 1681b, stating Defendant, "**intends to use the information in connection with a credit transaction involving the**

**consumer** on whom the information is to be furnished and involving the extension of an account of, the consumer." [Doc. 8, pg. 2-3][emphasis in original]. Plaintiff's complaint alleges Defendant has not provided "valid justification." [Compl. ¶21]. However, Plaintiff's own response shows Defendant provided a response along with an explanation for accessing her credit information. Plaintiff is unhappy with the response. Obtaining a consumer report in connection with the collection of a debt is permissible under the Fair Credit Reporting Act ("FCRA").[1]

## CONCLUSION

Plaintiff's allegations do not state a claim for relief because collection of an account is a permissible purpose under the FCRA. If Defendant accessed Plaintiff's credit information at all, then based on Plaintiff's own admissions, Defendant had a permissible purpose to do so because it was collecting an unpaid account from Plaintiff.

---

[1] *Huertas v. Galaxy Asset Management,* 641 F.3d 28, 34 (6th Cir. 2011); *Phillips v. Grendahl,* 312 F. 3d 357, 366 (8th Cir. 2002), abrogated on other grounds, *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007); *Perretta v. Capital Acquisitions & Management Company,* 2003 U.S. Dist. LEXIS 10070, * 17-18 (N.D. Ca. 2003); *Ingram v. Green & Cooper, Attorneys L.L.P.,* 2012 U.S. Dist. LEXIS 71163, *9, fn. 9 (N.D. Ga. 2012).

Respectfully submitted this 9th day of August, 2012.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 203
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>    Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Defendant's Reply Brief in Support of Its Motion to Dismiss with the Clerk using the CM/ECF system and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Respectfully submitted this 9th day of August, 2012.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473