IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>Plaintiff,<br><br>v.<br><br>ARS National Services, Inc.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

## RULE 26(f) REPORT

1. Date of Rule 26(f) conference: <u>August 21, 2012.</u>

2. Parties or counsel who participated in conference:

   Plaintiff: Teri Lynn Hinkle
   322 Bethel Street
   Eastman, Georgia 31023
   Telephone: (478) 374-4132
   Queensongbird@gmail.com

   Defendant: Jonathan K. Aust
   Bedard Law Group, P.C.
   2810 Peachtree Industrial Blvd.
   Suite D
   Duluth, Georgia 30097
   Telephone: (678) 253-1871, ext. 203
   Facsimile: (678) 253-1873
   jaust@bedardlawgroup.com

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

<u>Defendant contends it has not yet been served and has a pending motion to dismiss for failure to perfect service (see Doc. 7).</u>

4. Date the Rule 26(a)(1) disclosures were made or will be made:

   <u>Plaintiff – Within fourteen (14) days of August 21, 2012.</u>

   <u>Defendant - Defendant respectfully requests that the Rule 26(a)(1) not be required until after this Court rules on Defendant's pending dispositive motion. If the motion is denied, Defendant will make its disclosures within fourteen (14) days of the Court's order.</u>

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or propose changes to the timing or form of those disclosures,

   a. Identify the party or parties making the objection or proposal:

      <u>Plaintiff - None.</u>

      <u>Defendant – Defendant respectfully requests that the Rule 26(a)(1) not be required until after this Court rules on Defendant's pending dispositive motion. If the motion is denied, Defendant will make its disclosures within fourteen (14) days of the Court's order.</u>

   b. Specify the objection or proposal:

      <u>Defendant – Defendant respectfully requests that the Rule 26(a)(1) not be required until after this Court rules on Defendant's pending dispositive</u>

<u>motion. If the motion is denied, Defendant will make its disclosures within fourteen (14) days of the Court's order.</u>

6. The Local Rules provide a 140-day discovery period for discovery. If any party is requesting additional time for discovery,

   a. Identify the party or parties requesting additional time:

      <u>None.</u>

   b. State the number of months the parties are requesting for discovery:

      <u>None.</u>

   c. Identify the reason(s) for requesting additional time for discovery:

      _____ Unusually large number of parties

      _____ Unusually large number of claims or defenses

      _____ Unusually large number of witnesses

      _____ Exceptionally complex factual issues

      _____ Need for discovery outside the United States

      _____ Other: _____

   d. Please provide a brief statement in support of each of the reasons identified above:

      <u>None.</u>

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    a. Identify the party or parties requesting such limits:

        <u>None.</u>

    b. State the nature of any proposed limits:

        <u>None.</u>

8. The Local Rules provide, and the Court generally imposes the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or joint parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness Report by a defendant | 90 days after Rule 26(f) conference ( or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

    a. Identify the party or parties requesting the modification:

        <u>None.</u>

    b. State which deadline should be modified and the reasons supporting the request:

        <u>None.</u>

9. If the case involves electronic discovery,

a. State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

<u>None.</u>

b. Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

<u>None.</u>

10. If the case is known to involve claims of privilege or protection of trial preparation material,

   a. State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production after production of either electronic or other discovery material:

   <u>Defendant asserts the need for a protective order to be entered by the Court to protect against public disclosure of certain confidential and proprietary information which the Defendant anticipates will be requested by the Plaintiff in discovery.</u>

   b. Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed

order which the parties are requesting the Court to enter addressing such matters):

<u>Please see attached Proposed Protective Order attached as Exhibit "A".</u>

c. Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

<u>None.</u>

11. State any other matters the Court should include in its scheduling order:

<u>None.</u>

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

<u>None.</u>

This 27 day of August, 2012.

Signed: _____
Teri Lynn Hinkle
*Pro se plaintiff*

_____ 8/31/12
Jonathan K. Aust
*Counsel for Defendant*

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Terri Lynn Hinkle

    Plaintiff,

v.

CIVIL ACTION
FILE NO. 3:12-cv-00052-DHB-WLB

ARS National Services, Inc.,

    Defendant.

## STIPULATED ORDER - CONFIDENTIALITY AGREEMENT

The parties have advised the Court that they anticipate discovery and production of documents which may be the proper subject of non-disclosure under FRCP 26(c)(1)(G). In order to assist in the timely completion of discovery, the Court enters this Order governing the procedure for seeking the protections under FRCP 26(c)(1)(G).

1. **Confidentiality as a Basis of Non-Disclosure.**

Having provided the parties a mechanism for the protection of documents of information of a confidential nature, the parties may not assert the confidential nature or trade secret status of documents as a basis of non-disclosures except as provided in this order.

2. **Designation of Confidentiality.**

A party responding to requests for production or interrogatories may designate the responsive information to that discovery as confidential (hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL." The party making the designation shall serve with the information a log of all information designated as confidential and identify the each basis upon which the designation is made pursuant to FRCP 26(c)(1)(G). The failure to designate the information or provide the log waives any such designation.

3. **Protection of Information Designated as Confidential.**

Any information designated as confidential shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives the objection expressly or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter.

If any information which is protected as confidential is submitted in connection with a dispositive motion or at trial pursuant to this Order, the

information ceases to be protected as confidential, but any party may move to seal the Court's record and proceedings under the applicable law as provided below.

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation. Information protected as confidential may only be disclosed to:

    a.    Other attorneys appearing in this case.

    b.    Other parties to this case.

    c.    Staff, office personnel, consulting attorneys, experts, and consulting experts associated with the attorneys appearing in this case.

    d.    Witnesses.

    e.    Deponents.

Upon termination of this action, including any appeals therefore, within thirty (30) days of a written request, the parties shall return all copies of information designated as confidential to the issuing parties or represent that all copies have been destroyed.

### 4. **Objections to the Designation of Confidentiality.**

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation. A party who wishes to object to the designation shall within that 14 day period, serve objections to the designation and request in writing a

conference to resolve the designation. The party asserting the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c)(1)(G). The failure to move for a protective order within that 14 day period waives the designation.

5. **Order Binding on Signatories**

The parties signing this order are bound to its terms. Those parties to the case who have not signed may not receive copies of confidential information pursuant to this order. Nor shall copies of such copies be provided to them by any other party.

6. **Use of Confidential Materials in Dispositive Motions and At Trial**

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the court, and identify the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. The failure to provide that notice by a party seeking to use information waives the right to use such

information in connection with a dispositive motion and any portions of any court document which contain such information may be stricken.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

SO ORDERED, this ____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE

**SIGNATURES ON NEXT PAGE**

**STIPULATED BY:**

**TERI LYNN HINKLE**

*/s/ Teri Lynn Hinkle*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
Telephone: (478) 374-4132
Queensongbird@gmail.com

*Pro se plaintiff*

**BEDARD LAW GROUP, P.C.**

*/s/ Jonathan K. Aust*

Jonathan K. Aust
Georgia Bar No. 448584

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 203
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com

*Counsel for Defendant*