```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF GEORGIA
                     DUBLIN DIVISION


TERI LYNN HINKLE             *
                             *
     Plaintiff,              *
                             *
          v.                 *      CV 312-052
                             *
ARS NATIONAL SERVICES, INC., *
                             *
     Defendant.              *
```

_____

**O R D E R**
_____

On June 15, 2012, Plaintiff, proceeding pro se, filed the instant action seeking damages for Defendant's alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. On this same day, the Clerk issued a summons directed to Defendant, but the record does not show that the summons and complaint were served upon Defendant.[1]

On July 13, 2012, Defendant filed a motion to dismiss the case based upon insufficient service of process and failure to state a claim upon which relief may be granted, see Federal Rule of Civil Procedure 12(b)(5) and (6), respectively. With respect to the service of process issue, Defendant concedes

---

[1] According to the complaint, Defendant is a corporation located in California. (Compl. ¶ 4.)

that it received a copy of the summons and complaint via certified mail on June 22, 2012; a request for waiver of service was not included in this mailing. (Montenaro Aff. ¶¶ 3-4.) Defendant correctly contends that neither Rule 4(h) or state law, see O.C.G.A. § 9-11-4, provides for the service of a corporation by certified mail. Rather these provisions, which provide the methods of service upon a corporation, contemplate personal service. See, e.g., Dyer v. Wal-Mart Stores, Inc., 318 Fed. Appx. 843, 844 (11th Cir. 2009) (stating that the term "delivering" a copy of the summons and complaint in Rule 4(h) refers to personal service); KMM Indus., Inc. v. Professional Ass'n, Inc., 164 Ga. App. 475 (1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail . . . ." (emphasis in original)).

On July 26, 2012, Plaintiff responded to the motion to dismiss. She contends therein that she has "taken steps to remedy the error" in service by sending Defendant a Waiver of Service Form via certified mail. (Doc. No. 8, ¶ 6.) Defendant, however, has not waived service.[2]

On August 27, 2012, Plaintiff filed a "Motion Requesting the Court to Rule that Defendant has been Properly Served and Deny Defendant's Motion for Dismissal for Lack of Proper

---

[2] According to Plaintiff, defense counsel informed her that Defendant will not waive service and will stand on its motion to dismiss. (Doc. No. 12, ¶ 3.)

2

Service."  Plaintiff states that she is "at a loss as to what the proper procedure to remedy the situation is."  (Doc. No. 12, ¶ 5.)

The Court readily concludes that Defendant has not been properly served in this case.  Importantly, the United States Magistrate Judge explained the following in a prior order: "[S]hould the defendant choose not to waive formal service of the summons, Plaintiff is still responsible for properly effecting service of the summons and complaint."  (Doc. No. 4, at 2.)  Federal Rule of Civil Procedure 4(h)(1) provides for service upon a corporation in one of two ways.  First, a plaintiff may effect service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant."  Second, a plaintiff may use any method of service allowed in Georgia.  In this regard, O.C.G.A. § 9-11-4(e)(2) provides for service upon a foreign corporation doing business and having a managing or other agent within the state to be made on such agent or a registered agent designated for service of process.[3]  Personal

---

[3]  Foreign corporations are authorized to do business within the State of Georgia through the Secretary of State's office, which maintains a corporate database at www.sos.georgia.gov.

3

service under either Rule 4 or state law must be effected by a non-party at least 18 years of age.  Fed. R. Civ. P. 4(c)(2).

The 120-day time period within which Plaintiff must effect service is at an end; however, given Plaintiff's apparent confusion about the Waiver of Service Form, the Court will grant Plaintiff an extension of time.  Accordingly, Plaintiff is required to properly serve and file proof thereof with the Clerk of Court by close of business on November 16, 2012.[4]  Failure to do so will result in the dismissal of the case.

Upon the foregoing, Plaintiff's "Motion Requesting the Court to Rule that Defendant has been Properly Served and Deny Defendant's Motion for Dismissal for Lack of Proper Service" (doc. no. 12) is hereby **DENIED**.  The Court will defer ruling on Defendant's motion to dismiss until service is properly effected or November 16, 2012, whichever comes first.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of October, 2012.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE

---

[4] Rule 4(l) provides that proof of service must be made with the court in the form of the server's affidavit except for service by a United States marshal or deputy.