IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>    Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

### BRIEF IN SUPPORT OF DEFENDANT'S SECOND MOTION TO DISMISS

COMES NOW ARS National Services, Inc., (hereinafter referred to as "Defendant") and shows this Court that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) as follows:

### FACTUAL ALLEGATIONS

Plaintiff alleges Defendant violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.*, by obtaining Plaintiff's credit report without a permissible purpose. [Compl. ¶ 20] Plaintiff merely alleges Defendant obtained her TransUnion consumer credit report in May 2010 and failed to provide "valid justification" for obtaining her credit report. [Compl. ¶¶ 17 and 20] Plaintiff contends she contacted Defendant on May 12, 2011 and May 31, 2011 to discuss this matter. [Doc. 8, pg. 2] Plaintiff received a response from the Salvo Law Firm dated June 2, 2011 in which Cindy D. Salvo ("Ms. Salvo") explained Defendant

had a permissible purpose for pulling Plaintiff's credit report. [Doc. 8, pg. 2] Ms. Salvo informed Plaintiff that Defendant had been "retained by Capital One to pursue [Plaintiff'] delinquent card account."[1] As a debt collector, Defendant requested a copy of Plaintiff's credit report in connection with collecting Plaintiff's delinquent Capital One account.[2]

This is one of eleven suits Plaintiff has filed in this Court in the past year. In at least two other cases, Plaintiff brought prior complaints against other entities with similar allegations which were dismissed for failure to state a claim and Plaintiff again filed almost identical FCRA claims.[3] This Court has already dismissed one of these cases and the case at bar is analogous to the dismissed matter.[4]

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(5) provides this Court the authority to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

---

[1] Ex. A.
[2] Ex. A.
[3] See, *Hinkle v. Northland Group, et al.,* 3:11-cv-00063, doc. no. 4(S.D. Ga. June 24, 2011); *Hinkle v. Northland Group, et al.,* 3:11-cv-00063, doc. no. 5(S.D. Ga. July 26, 2011); *Hinkle v. Northland Group, Inc. et al.,* 3:11-00092, doc. 1 (S.D. Ga. Sept. 7, 2011); *Hinkle v. CBE Group et al.,* 3:11-cv-00065, doc. 4 (S.D. Ga. July 26, 2011); *Hinkle v. CBE Group et al.,* 3:11-cv-00065, doc. 5 (S.D. Ga. July 26, 2011); *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 6 (S.D. Ga. Feb. 2, 2012); and *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 8 (S.D. Ga. Feb. 29, 2012).
[4] *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 6 (S.D. Ga. Feb. 2, 2012); and *Hinkle v. CBE Group et al.,* 3:11-cv-00091, doc. 8 (S.D. Ga. Feb. 29, 2012).

The Supreme Court has stated "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[5]  To state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6]

Plaintiff is proceeding pro se and typically pro se litigants are held to a less stringent standard than pleadings drafted by attorneys and will, therefore be liberally construed.[7]  However, a defendant's pro se status in civil litigation generally will not excuse mistakes he or she makes regarding procedural rules.[8]

The Eleventh Circuit has held documents attached to a motion to dismiss will not convert a Rule 12(b)(6) motion to a summary judgment motion if "the attached document is (1) central to the plaintiff's claim and (2) undisputed."[9]  When this occurs "the Court may consider the documents part of the pleadings for purposes

---

[5] *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); see also, *Ashcroft v. Iqbal,* 550 U.S. ____, 129 S. Ct. 1937, 1949 (2009)("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
[6] *Ashcroft v. Iqbal,* 550 U.S. ____, 129 S. Ct. 1937, 1949 (2009)
[7] *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).
[8] *McNeil v. United States,* 508 U.S. 106, 113 (1993)(explaining that we "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel).
[9] *Day v. Taylor,* 400 F. 3d 1272, 1276 (11th Cir. 2005)(see also, *Horsley v. Feldt,* 304 F. 3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F. 3d 1364, 1369 (11th Cir. 1997))..

of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."[10]

Plaintiff's complaint alleges Defendant pulled her credit report without a permissible purpose and Defendant has not provided "valid justification." [Compl. ¶ 21] Plaintiff acknowledged she received a letter from Defendant via Ms. Salvo in which it provided the purpose and justification for pulling her credit report. [Doc. 8, pg. 2] Defendant was retained by Capital One to collect Plaintiff's delinquent account.[11] Ms. Salvo's letter is central to Plaintiff's claim for providing the purpose and justification for accessing her credit report. Attachment of Ms. Salvo's letter does not convert this motion to a motion for summary judgment and becomes part of the pleadings.

### I. Defendant Had A Permissible Purpose To Access Plaintiff's Credit Report

The FCRA authorizes the following:

> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> > (3) To a person which is has reason to believe --
> >
> > > (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to

---

[10] *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F. 3d 1364, 1369 (11th Cir. 1997).
[11] Ex. A.

- 4 -

> be furnished and involving the … collection of an account of [] the consumer.[12]

This Court, in a previous case brought by Plaintiff, stated:

> if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as they relate to a transaction that the consumer initiated with the creditor.[13]

In a second case brought by Plaintiff, the Court noted the defendant's website stated it was a third party debt collector and:

> [o]ne of the "permissible purposes" for obtaining a consumer report under 15 U.S.C.§ 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer.  Thus, if a collection agency – which Defendant appears to be [citation omitted] – is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities…[14]

Defendant had a permissible purpose to request a copy of Plaintiff's credit report.   Defendant was retained by Capital One to collect a delinquent credit card account owed by Plaintiff.[15]  Defendant was acting as a debt collector and requested a copy of Plaintiff's credit report.[16]  Since Defendant was retained by a creditor to collect an account owed by Plaintiff, it had a permissible purpose to

---

[12] 15 U.S.C. § 1681b(a)(3)(A).
[13] *Hinkle v. CBE Group et al.,* 3:11-cv-00065-DHB-WLB, Doc. 4; pg. 4 (S.D. Ga. 2011)(see also, *Milton v. LTD Financial Services,* 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011)).
[14] Hinkle v. CBE Group, 3:11-cv-00091-DHB-WLB, Doc. 6; pg. 2 and 5-6 (S. D. Ga. Feb. 3, 2012).
[15] Ex. A.
[16] Ex. A.

access her credit report. Therefore, Plaintiff's claim fails to state a claim for which relief can be granted and Plaintiff's complaint should be dismissed with prejudice.

## II. Plaintiff Has Failed To State A Claim Against Defendant

Plaintiff has once again failed to provide any factual allegation regarding the alleged impermissible purpose for pulling her credit report. This Court previously held "Plaintiff provides no specific facts in support of her assertion of willful noncompliance with the FCRA."[17] In Plaintiff's current complaint, she merely adds an allegation she "had no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy." [Compl. ¶ 17] Plaintiff appears to argue she never had an account directly with Defendant for which it would have a permissible purpose to pull her credit report.[18] However, Plaintiff fails to take heed of this Court's statement that "not all of the permissible purposes for a user of information to access a consumer report under § 1681b involve the consumer directly entering into an interaction with the user."[19]

---

[17] *Hinkle v. ARS National Services, Inc.,* 3:11-cv-00058, doc. 4, p. 4 (S.D. Ga. July 26, 2012); See also, *Hinkle v. CBE Group et al.,* 3:11-00091, doc. 6, p. 5 (S.D. Ga. Feb. 3, 2012) ("as the Court has repeatedly explained [citation omitted], it is not necessary for Plaintiff to have had direct dealings with Defendant; for example, one of the 'permissible purposes' for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer.")

[18] Defendant was retained by Capital One to collect Plaintiff's unpaid credit card account. See, Ex. A.

[19] *Hinkle v. ARS National Services, Inc. et al.,* 3:11-cv-00058, doc. 4, p. 4 (S.D. Ga. July 26, 2011).

Plaintiff has not provided sufficient factual allegations, which accepted as true, could state a claim for relief that is plausible on its face. Simply adding a factual allegation that Plaintiff did not have an account with Defendant is insufficient to state a claim under the FCRA; therefore, Plaintiff's complaint should be dismissed.

Plaintiff adds additional facts which have no relation to Defendant pulling Plaintiff's credit report. Plaintiff alleges she sent notice to Defendant regarding the alleged FCRA violation and Defendant failed to provide any valid justification for obtaining her credit report. [Compl. ¶ 18 and 21] This Court has already held in another case brought by Plaintiff these additional allegations are insufficient:

> Moreover, Plaintiff has not pointed to any provision of the FCRA that requires Defendant to provide a written response to her requests that it provide a permissible purpose for accessing her consumer report. Stated another way, although Plaintiff has elaborated on her original complaint by explaining that she gave Defendant an opportunity to justify accessing her credit report, Defendant's failure to respond does not establish that Defendant accessed her credit report without a permissible purpose.[20]

These allegations have no bearing on a FCRA claim and even if these allegations are accepted as true, they fail to state a claim for relief. Plaintiff's Complaint fails to state a viable claim and should be dismissed.

## CONCLUSION

Defendants were retained by Capital One, the creditor, to collect Plaintiff's unpaid account; therefore, it had a permissible purpose to access Plaintiff's credit

---

[20] *Hinkle v. CBE Group,* 3:11-cv-00091, doc. 6, p. 6 (S.D. Ga. Feb. 3, 2012).

report. Furthermore, Plaintiff's Complaint fails to allege factual allegations, only labels, conclusions and formulaic recitations of the elements of an FCRA claim. Therefore, Defendant respectfully requests its motion be granted and Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted this 16th day of November, 2012.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 203
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com