# EXHIBIT "A"

# THE SALVO LAW FIRM, P.C.

165 Passaic Avenue • Suite 310 • Fairfield, New Jersey 07004

A Woman-Owned Law Firm  
Offices in New Jersey and New York

(973) 233-4080 • (973) 900-8800 (fax)  
www.salvolawfirm.com

June 2, 2011

Ms. Teri Lynn Hinkle  
322 Bethel Street  
Eastman, GA  31023

Re:  **Your e-mails to ARS National Services, Inc.**

Dear Ms. Hinkle:

This firm represents ARS National Services, Inc. ("ARS").  In response to your emails of May 12 and 20, 2011, please be advised that ARS acted within its legal rights as a debt collector to request a copy of your credit report when your delinquent Capital One credit card account was turned over to it for collection.

ARS's inquiry was permissible under the Fair Credit Reporting Act ("FCRA").  Section 604(a)(3)(A) of the FCRA, as codified by 15 U.S.C. section 1681b, states, in relevant part:

> **§ 604. Permissible purposes of consumer reports**
>
> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:. . .
>
> (3) To a person which it has reason to believe
>
>> (A) **intends to use the information in connection with a credit transaction involving the consumer** on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.

Your focus on the word "account" within the above-section is too narrow and does not consider the entirety and purpose of the FCRA.  Looking to the complete section (A) quoted above, a consumer reporting agency clearly is permitted to furnish a consumer report, without the consumer's knowledge or consent, to a collection agency.  The bolded portion highlights that the report may be pulled in connection with a "credit transaction."  The FCRA, therefore, is not limited to savings accounts and the like, but also to include credit card accounts such as

the one you have/had with Capital One. Accordingly, ARS had a permissible purpose in placing an inquiry on your credit report for the credit card obligation you owed to Capital One.

ARS's interpretation is borne out both in practice and use, as well as judicial scrutiny. Collection agencies routinely request consumer reports from credit agencies on accounts that have been turned over to them for collection. This is standard industry practice.

Moreover, a recent decision in the Southern District of Georgia acknowledges a collection agency's ability to pull a credit report for a delinquent credit card account as being permissible under the FCRA. *In Milton v. LTD Financial Services*, 2011 WL 291363 (S.D.Ga. Jan. 25, 2011)., Citibank retained the defendant LTD Financial Services to collect on an unpaid credit account belonging to the plaintiff Autry Milton. *Id.* at *1. There, the defendant's motion for summary judgment was denied in part because the court found an issue of fact related to the timing of when the credit report actually was pulled. *Id.* at *2-3. However, the *Milton* Court did not dispute the fact that the defendant collection agency had a permissible purpose in pulling the credit report on the delinquent credit account. *Id.*

In sum, ARS had a permissible purpose in requesting a copy of your credit report when it was retained by Capital One to pursue your delinquent credit card account. We hope this explanation has satisfied you. Please feel free to call me if you would like to discuss.

Very truly yours,

Cindy D. Salvo

CDS:ld