FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV 26 AM 10:55

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

Teri Lynn Hinkle )
    Plaintiff )
)
)   Civil Action File No:
vs )   3:12-cv-00052-DHB-WLB
)
ARS NATIONAL SERVICES, INC. )
    Defendant )
)

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, Teri Lynn Hinkle asks the court to deny Defendant's motion to dismiss and states as follows:

### INTRODUCTION

1. Plaintiff is Teri Lynn Hinkle; Defendant is ARS NATIONAL SERVICES, INC., hereinafter ARS.

2. Plaintiff filed suit against Defendant for violations of the FCRA on June 15, 2012.

3. Defendant filed a Motion to Dismiss in this case on July 13, 2012 pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure.

4. On October 18, 2012 this Court ruled on Defendant's Motion to Dismiss in part as to ARS's claim that they had not been properly served a summons. The Court further ruled the second part of the Motion to Dismiss would be addressed after November 16, 2012 which was the deadline imposed by the Court for Plaintiff to perfect service to ARS.

5. On October 26, 2012 ARS was properly served the Summons and the Return Receipt of the Executed Summons was entered into the docket on October 31, 2012.

6. On November 16, 2012 ARS filed a second Motion to Dismiss, changing its basis for a claim of "failure to state a claim for relief" pursuant to Fed. R. Civ. P. 12(b)(6), from a "Bona Fide Error" to an apparent claim of a "reason to believe" there was a permissible purpose to obtain Plaintiff's credit report in May of 2010.

7. This case stems from the actions of the Defendants in their efforts to collect an alleged debt claimed to belong to Plaintiff and in doing so acquiring the TransUnion Credit report of Plaintiff in May of 2010.

8. Plaintiff contacted Defendant on May 12, 2011 and on May 31, 2011 by written correspondence in an effort to discuss and resolve the matter.

9. Plaintiff files this response asking the court to deny Defendant's motion.

## STATEMENT OF FACTS

10. ARS references in its motion, prior cases the Plaintiff has filed and brings attention to a "similar" case which was dismissed by the Court. Plaintiff affirms the case was dismissed as she did not attempt to amend the complaint when given the opportunity by the Court. This decision was not made as ARS implies, because Plaintiff had no claim for relief, but because Plaintiff had suffered a house fire at the time of the ruling and did not feel able to pursue the case. While Plaintiff should have withdrawn the case herself, thus avoiding the impression of having filed a frivoulous claim, hind sight is 20/20 and Plaintiff cannot correct that error now. The fact that the earlier case was "similar" bears no relevance to this case as the violations alleged here are specific to ARS and not to another entity.

11. ARS refers to a letter, (*See* Dkt. No. 21 Exhibit "A"), sent to Plaintiff by Cindy D. Salvo of The Salvo Law Firm in June of 2011, in which Ms. Salvo put forth the claim of a permissible purpose by reason of ARS having had an "alleged account", "turned over to it for collection", purportedly belonging to Plaintiff. Ms. Salvo further states in her letter that the action by ARS of obtaining Plaintiff's credit report is "standard industry practice" but provides nothing to prove the "alleged account" did indeed belong to Plaintiff or that ARS was assigned or retained to collect it or that in the alternative had obtained ownership of it. Past practice does not necessarily equate to following the law and ARS failed to do so by obtaining Plaintiff's credit report without a permissible purpose.

12. Cindy D. Salvo merely claims Defendant had a permissible purpose under the FCRA § 604(a)(3)(A) as codified by 15 U.S.C. § 1681b stating the relevant part she relied on to be:

   i. [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other…

   ii. (3) To a person which it has reason to believe

   **(A) intends to use the information in connection with a credit transaction involving the consumer** on whom the information is to be furnished and involving the extension of an account of, the consumer.

13. To date, Defendant has furnished no documented proof that such a credit transaction exists, nor that it was in connection with Plaintiff. A mere claim of having alleged electronic data does not comprise authenticated fact.

14. ARS has not shown through any evidence on the court record that there was any possible legitimate business need or purpose that would allow them to obtain the Plaintiff's credit

report under the FCRA at any time other than a statement made in a letter by an individual who could have had no firsthand personal knowledge of the facts. Such a statement is merely conclusory. See **Leigh v Warner Bros., Inc.**, 212 F.3d 1210, 11th Cir, 2000 [1].

15. Plaintiff attempted on multiple occasions to mitigate a solution to this issue both before and after filing this action. After filing this action Plaintiff was contacted twice by Dan Montenaro, self-identified as ARS's General Counsel, both by email and by telephone. On both occasions Mr. Montenaro threatened Plaintiff with deliberate monetary harm if she did not dismiss the case immediately. Over the telephone Plaintiff stated she would do so when ARS provided specific evidence of any legitimate "credit transaction", "alleged debt" or contractual obligation she might have had to pay any alleged debt that would have afforded ARS permissible purpose to obtain her credit report. Plaintiff further stated that a mere affidavit of conclusory statements by an employee of ARS would not suffice. Mr. Montenaro agreed to provide such documents within the week and again threatened monetary harm if Plaintiff did not dismiss the case upon receipt of the documents. To the best of Plaintiff's recollection the telephone call took place in August of 2012. To date, no evidence of a "legitimate transaction", proof of a contractual obligation or any other type of authentication of a "reasonable belief" ARS had a permissible purpose has been provided to Plaintiff or brought before the Court.

16. Plaintiff states unequivocally that she does not believe local counsel, Jonathan K. Aust of Bedard Law Group was aware of Mr. Montenaro's actions until after the fact and that Mr.

---

[1] **Leigh v Warner Bros., Inc.**, 212 F.3d 1210, 11th Cir, 2000, "This court has consistently held that conclusory allegations without supporting facts have no probative value"

Aust assured Plaintiff that the behavior of Mr. Montenaro would not occur again. To date Plaintiff has had no further communications directly from Mr. Montenaro.

17. The allegations brought forth by Plaintiff of violation of the FCRA are based upon a lack of any evidence that could even remotely indicate a permissible purpose to obtain Plaintiff's credit report.

18. Mere alleged conclusory and hearsay statements are not enough to establish a "reason to believe" as a matter of law. See *Miller v Wolpoff & Abramson*[2]

19. Plaintiff propounded discovery materials on Defendant by USPS Certified mail on September 20, 2012. Plaintiff conferred with Defendant's counsel and agreed to allow an additional 10 days to answer commencing from the date of the Court's ruling on the original Motion to Dismiss.

## STANDARD OF REVIEW

20. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

---

[2] Miller v Abramson, LLP, 2d Cir., No. 02-7017, Feb. 25,2003 Defendants in the case indicate they reviewed no more than *"very limited information"* before collection action such as; *"Mr. Miller's full name, social security number, current address, telephone number and the Lord & Taylor account number, the amount of the debt and a notation that Mr. Miller was an attorney"*. The Court held that the *"information reviewed would not enable a determination of whether Mr. Miller was in bankruptcy, whether information in the record was inconsistent or incomplete, whether Miller was or was not obligated to pay the debt, or whether Miller was the correct debtor."*...... *"the information supplied was **too insufficient** to support the conclusion as a **"matter of law"**....* Judge Sotomayor stated; *"On this undeveloped record, however, it suffices for us to hold that **merely being told by a client that a debt is overdue is not enough.**"*

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

21. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests." Friends of Lake View School District v. Beebe, 578 F. 3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 W. Ct. 1937, 1950 (2009).

22. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89. 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely" Twombly, 550 U.S. at 556.

## ARGUMENT

23. In this case, Plaintiff alleged a cause of action for violation of the FCRA. The elements are:

   a. That ARS obtained Plaintiff's credit report from TransUnion in May of 2010 with no permissible purpose.

    b. That there is no evidence before the court of any "credit transaction, reasonable expectation of a credit transaction or anticipation of same" with any entity whereby Defendant could claim a permissible purpose to obtain Plaintiff's credit report.

    c. That Plaintiff never gave her consent for the Defendant to obtain her credit report from any agency at any time.

24. Defendant has made nothing more than generic statements in regard to alleged permissible purposes in its motion without providing any factual information as to when and where any alleged account may have originated.

25. ARS claims permissible purpose pursuant to 15 U.S.C. § 1681b(a)(3)(A) and relies on a letter from a third party. (*See* Dkt. No. 21 Exhibit "A"),  There is no fact evidence before the court or in the Plaintiff's possession which would support any such retention of Defendant by any creditor nor has Defendant ever attempted to provide any evidence of such when requested to do so by Plaintiff. *See* LVNV Funding, L.L.C. v Mastaw [3]

26. Defendant should not be allowed to make an unsubstantiated claim of the existence of an alleged account and expect the court to dismiss a well pled claim against it as a result.

27. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief that is plausible on its face, " *Bell Atlantic v Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff sufficiently alleged facts necessary to prove each element of her cause of action and the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff.

## CONCLUSION

---

[3] LVNV Funding, L.L.C. v Mastaw  No. M2011-00990-COA-R3-CV - Filed April 30, 2012, TN Court of Appeals, "*these reports are calculated for use essentially in the court, not in the business. Their primary utility is in litigating, not in railroading.*"

28. Defendant appears to either be confused as to their defense in this matter or are choosing to throw as much mud at the wall as possible to see what might stick. This Court has already ruled in part on the original Motion to Dismiss, stating that the second stated ground for dismissal within it would be ruled upon after November 16, 2012.

29. Plaintiff refers to the plain language in the Order of this Honorable Court entered on October 18, 2012 and would ask the Court to rule on the original Motion to Dismiss[4] even though Plaintiff has made arguments in response to the second Motion.

30. ARS has neither presented a reasonable basis for a Bona Fide Error nor any fact evidence to support a "reason to believe" they had a permissible purpose pursuant to the FCRA.

31. Defendant's second Motion to Dismiss contains nothing more than conclusory statements having no substance in the absence of any verified fact evidence.

32. Plaintiff requests that Discovery re-commence upon this Court's ruling on ARS's dispositive motion and the Scheduling Order be extended to reflect the number of days having passed due to the delay caused by the necessity to perfect service.

33. Because Plaintiff's factual allegations support a claim on which relief can be granted, and Plaintiff has corrected the procedural error stated in the Defendant's original motion, the court should deny Defendant's motion and retain the case on the Court's docket

---

[4] See Dkt. No. 17, "*Upon the foregoing, Plaintiff's Motion Requesting the Court to Rule that Defendant has been Properly Served and Deny Defendant's Motion for Dismissal for Lack of Proper Service (doc. No 12) is hereby DENIED. The Court will defer ruling on Defendant's motion to dismiss until service is properly effected or November 16, 2012, whichever comes first.*"

WHEREFORE, because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff has corrected the procedural error of proper service, Plaintiff respectfully requests the Court deny the Defendant's Motion and allow Plaintiff's claim to move forward to trial on the merits. . In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the complaint.

Dated: November 23, 2012

Respectfully Submitted,

*[signature]*
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

**Teri Lynn Hinkle**
    **Plaintiff**

vs

**ARS NATIONAL SERVICES, INC.**
    **Defendant**

Civil Action File No:
3:12-cv-00052-DHB-WLB

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: Nov. 23, 2012

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

BEDARD LAW GROUP, P.C.
Jonathan K. Aust, Esq.
2810 Peachtree Industrial Blvd, Ste. D
Duluth, Georgia 30097

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| **Teri Lynn Hinkle**<br>    Plaintiff<br><br>vs<br><br>**ARS NATIONAL SERVICES, INC.**<br>    Defendant | Civil Action File No:<br>3:12-cv-00052-DHB-WLB |

## JUDICIAL NOTICE

All officers of the court for the United Stated District Court, Southern District of Georgia are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Haines: pro se litigants (Plaintiff is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their

claims. In re Platsky: court errs if court dismisses the pro se litigant (Plaintiff is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

Dated November 23, 2012

Respectfully Submitted,

*[signature]*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **Teri Lynn Hinkle**<br>    **Plaintiff**<br><br>vs<br><br>**ARS NATIONAL SERVICES, INC.**<br>    **Defendant** | )<br>)<br>)<br>)   **Civil Action File No:**<br>)   **3:12-cv-00052-DHB-WLB**<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: *Nov. 23, 2012*

*/s/ Teri Lynn Hinkle*
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023


BEDARD LAW GROUP, P.C.
Jonathan K. Aust, Esq.
2810 Peachtree Industrial Blvd, Ste. D
Duluth, Georgia 30097



U.S. POSTAGE PAID
EASTMAN, GA
NOV 21 '12
AMOUNT $1.70
00588060-04
30903

Humble
323 Bethel St
Eastman, Ga.
31023

Clerk of Court
P.O. Box 1130
Augusta, Georgia
30903