Case 3:12-cv-00052-DHB-WLB Document 24   Filed 12/04/12   Page 1 of 3

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV

2012 DEC -4 PM 3: 47

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-052 |
| | ) | |
| ARS NATIONAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on Defendant's "Motion for Protective Order and Motion to Stay."[1] (Doc. no. 19.) In the motion, Defendant requests that the Court issue a protective order with respect to outstanding discovery requests by Plaintiff and that the Court stay discovery pending the District Court's resolution of Defendant's first motion to dismiss (doc. no. 7).[2] (Id.) Plaintiff has not filed a response in opposition to the motion, and the

---

[1] Although the instant motion is styled as a motion for a protective order and a motion to stay discovery, Defendant seeks to avoid having to respond to Plaintiff's outstanding discovery requests until the presiding District Judge rules on its motion to dismiss. (Doc. no. 19-1, p. 5.) The motion is therefore more appropriately construed solely as a motion to stay, and the Court proceeds to address it in that manner. Accordingly, Defendant's motion for a protective order is **DENIED AS MOOT**. (Doc. no. 19-1.)

[2] The Court also notes that, since filing the instant motion, Defendant has filed a second motion to dismiss (doc. no. 21) to which Plaintiff has responded in opposition (doc. no. 22). Defendant's first motion to dismiss is premised on improper service and failure to state a claim. (See doc. no. 7.) In an Order dated October 18, 2012, the Honorable Dudley H. Bowen Jr., United States District Judge, concluded that Defendant had not been properly served, and directed Plaintiff to properly serve Defendant. (See doc. no. 17.) Judge Bowen also stated that the Court would defer ruling on Defendant's first motion to dismiss until

motion is therefore deemed unopposed.  See Loc. R. 7.5.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)).  That said, before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman, 176 F.R.D. at 652 (internal citation and quotation omitted).  "[T]he Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion." Id.

Here, as noted earlier, there are currently two pending motions to dismiss by Defendant.  Plaintiff does not contend, however, that she cannot properly oppose either of Defendant's pending motions to dismiss in the absence of discovery.  Indeed, Plaintiff has already filed fully-briefed responses to both of Defendant's pending motions to dismiss. (See doc. nos. 8, 22.)  Furthermore, in her response to Defendant's second motion to dismiss, Plaintiff states that she has agreed to allow Defendant to defer responding to her outstanding

---

service was properly effected or November 16, 2012, whichever came first.  (See id.) Plaintiff then returned a summons executed by Defendant on October 31, 2012 (doc. no. 20), after which Defendant filed a second motion to dismiss on November 16, 2012, solely asserting that Plaintiff fails to state a claim upon which relief may be granted (see doc. no. 21.)

2

discovery requests until ten (10) days after the presiding District Judge rules on Defendant's first motion to dismiss. (See doc. no. 22, ¶ 19.) Finally, based upon its review of the motions to dismiss, the Court concludes that both have the *potential* to be "case dispositive," and that discovery should be stayed pending the District Judge's consideration of the motions.[3] Feldman, 176 F.R.D. at 653.

The Court therefore **GRANTS** Defendant's request to stay discovery. (Doc. no. 19-2.) All remaining deadlines in this case are hereby stayed pending resolution of the pending motions to dismiss. The parties should submit a proposed revised scheduling order, if necessary, within fourteen (14) days following the resolution of Defendant's motions to dismiss by the presiding District Judge. Upon review of the joint proposal, the Court will enter an order setting the remaining deadlines in this case. Finally, should the case proceed after the presiding District Judge rules on Defendant's motions to dismiss, Defendant should respond to Plaintiff's outstanding discovery requests within ten (10) days of that ruling.

SO ORDERED this 4th day of December, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Of course, the Court does not reach the merits of the motions to dismiss, a matter entirely for the presiding District Judge. Rather, the Court has only engaged in a "cursory review" of the motions for the "limited purpose" of determining whether discovery should be stayed. In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 338 n.7 (N.D. Ill. 2005).