ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JAN -7 PM 2: 11

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | * | |
| Plaintiff, | * | |
| v. | * | CV 312-052 |
| ARS NATIONAL SERVICES, INC., | * | |
| Defendant. | * | |

### O R D E R

On June 15, 2012, Plaintiff Teri Lynn Hinkle, proceeding pro se, filed the instant action seeking damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. On July 13, 2012, Defendant ARS National Services, Inc., filed a motion to dismiss the case based upon insufficient service of process and failure to state a claim upon which relief may be granted. On October 18, 2012, this Court deferred ruling on Defendant's motion to dismiss, giving Plaintiff another opportunity to properly effect service of process.

On October 31, 2012, Plaintiff filed a Return of Service showing that Defendant had been properly served within the time provided by the Court. Thereafter, Defendant filed a second motion to dismiss, again attacking the sufficiency of the complaint, which is presently before the Court.

DHB (34)                                                              CCC:

Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The FCRA imposes civil liability on users of reported credit information that obtain credit reports of consumers for

2

purposes not specified in § 1681b. Permissible purposes include but are not limited to the following: in response to a court order; pursuant to the consumer's written instructions; in connection with a credit transaction involving the consumer; for employment purposes; for underwriting of insurance; for assessment of risk for an existing credit obligation; and to review an account to determine if the consumer continues to meet the terms of the account. See generally 15 U.S.C. § 1681b(a)(1)-(6). Thus, to state a claim for a violation of the FCRA, a plaintiff must show that credit information was obtained for an impermissible purpose. Conversely, a showing of permissible purpose is a complete defense to such claim.

In her complaint, Plaintiff alleges that Defendant violated the FCRA in May 2010 by obtaining her consumer credit report without a permissible purpose. (Compl. ¶¶ 7-8, 17.) According to Plaintiff, she "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from" Defendant. (Id. ¶ 16.) Plaintiff additionally states that she never consented to Defendant accessing her consumer credit report. (Id. ¶ 19.)

As revealed by Defendant's brief in support of its motion to dismiss, Defendant is a debt collector. Under the FCRA, it

is permissible for a debt collector to obtain a consumer credit report for the purpose of collecting on an account. 15 U.S.C. § 1681b(a)(3)(A); see, e.g., Huertas v. Galaxy Asset Mgmt., 641 F.3d 28 (3d Cir. 2011); Korotki v. Attorney Servs. Corp., 931 F. Supp. 1269 (D. Md. 1996); Norman v. RJM Acquisitions, LLC, 2012 WL 3204977 (N.D. Tex. Aug. 8, 2012); Chavez v. Premier Bankcard, LLC, 2011 WL 5417107 (E.D. Cal. Nov. 8, 2011). Through its motion to dismiss, Defendant reveals facts that are outside of the complaint. That is, in citing to Plaintiff's response to its first motion to dismiss, Defendant reveals that its law firm, the Salvo Law Firm, responded to Plaintiff's inquiries about her credit report in a letter dated June 2, 2011. The letter purports to explain that Defendant had a permissible purpose for obtaining her credit report. (Def.'s Br. Supp. the Second Mot. to Dismiss, at 1-2 (citing Pl.'s Br. in Resp. to Def.'s First Mot. to Dismiss).) Defendant attaches the June 2, 2011 letter as an exhibit to its brief. In short, the letter claims that Defendant obtained the credit report in connection with its attempt to collect a debt on Plaintiff's delinquent Capital One credit card account. (Id., Ex. A.) Indeed, if Defendant establishes that it had this permissible purpose in obtaining Plaintiff's credit report, Plaintiff's claim under the FCRA necessarily fails. See Milton v. LTD Fin. Servs., 2011 WL 291363 (S.D. Ga. Jan. 25, 2011) (recognizing a collection

agency's right to obtain a credit report for a delinquent credit card account).

When considering a motion to dismiss, however, the court is normally limited to consideration of the allegations of the complaint and any documents attached thereto. Bickley v. Caremark Rx, Inc., 461 F.3d 1325, 1329 (11th Cir. 2006). In this case, there are no documents attached to the complaint. Instead, Defendant urges the Court to consider the June 2, 2011 letter as central to Plaintiff's FCRA claim. See id. (recognizing that a court may consider documents central to a plaintiff's claim that are attached to a motion to dismiss). The problem is that the letter is not central to Plaintiff's claim that Defendant did not have a permissible purpose; rather, it is central to Defendant's defense that it had a permissible purpose. In other words, Plaintiff is not required to plead the absence of an affirmative defense. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1276 (3d ed. 2004) ("[I]t is inappropriate for the district court to shift the burden of proof on the anticipated defense to the plaintiff."). Plaintiff satisfied the pleading requirement for a claim under § 1681b of the FCRA by pleading that Defendant obtained her consumer credit report without her consent and without having any direct connection to Defendant that would implicate a permissible purpose. She does not have to plead the negative of every potential permissible purpose

under the statute.

Having said this, it appears that Defendant may have an affirmative defense to which there is no genuine issue of material fact. The Court, however, cannot reach the merits of such defense on a motion to dismiss. Accordingly, Defendant's motion to dismiss must be converted to a motion for summary judgment.

The Court is constrained to note that this ruling appears to contradict a ruling in a prior case brought by Plaintiff concerning the same subject matter.[1] In Hinkle v. CBE Group, 3:11-cv-091 (S.D. Ga. Oct. 5, 2011), the United States Magistrate Judge entered a Report and Recommendation recommending that the case be dismissed for failure to state a claim upon which relief can be granted. In summary fashion, Plaintiff had alleged in that case that the defendant had obtained her credit report without a permissible purpose and that she neither consented to it nor had any business dealings with the defendant that would allow it to obtain the report.

---

[1] In fact, Plaintiff has brought several cases asserting FCRA claims. Hinkle v. AFNI, Inc., 3:11-cv-057 (S.D. Ga. June 16, 2011); Hinkle v. ARS National Servs., Inc., 3:11-cv-058 (S.D. Ga. June 16, 2011); Hinkle v. NCO Fin. Sys., Inc., 3:11-cv-059 (S.D. Ga. June 16, 2011); Hinkle v. Northland Group, 3:11-cv-063 (S.D. Ga. June 24, 2011); Hinkle v. Financial Recovery Servs., 3:11-cv-064 (S.D. Ga. June 24, 2011); Hinkle v. CBE Group, 3:11-cv-065 (S.D. Ga. June 24, 2011); Hinkle v. Northland Group, Inc., 3:11-cv-084 (S.D. Ga. Sept. 7, 2011); Hinkle v. CBE Group, 3:11-cv-091 (S.D. Ga. Oct. 5, 2011); Hinkle v. Pinnacle Fin. Group, 3:11-cv-092 (S.D. Ga. Oct. 5, 2011); Hinkle v. Plaza Assocs., 3:11-cv-100 (S.D. Ga. Nov. 3, 2011). In all of these cases, Plaintiff sought to proceed in forma pauperis so that the cases were screened by the United States Magistrate Judge pursuant to 28 U.S.C. § 1915(e)(2). Ultimately, the cases, save the one discussed herein, were voluntarily dismissed, most pursuant to settlement.

(See id., doc. no. 5.)  The allegations are substantially similar to the allegations in the present case.  In recommending dismissal in Hinkle v. CBE Group, the United States Magistrate Judge recognized that the defendant, CBE Group, appeared to be a collection agency and that the FCRA allows a collection agency retained by a creditor to obtain a consumer credit report in collection of a delinquent account.  (See id., doc. no. 6.)  Thus, the Magistrate Judge reasoned that Plaintiff had failed to state a claim upon which relief can be granted because she had failed to plead facts that took the case beyond speculation to the required plausibility standard. (Id.)  Plaintiff failed to object to the Report and Recommendation, which this Court then adopted without further comment.  (Id., doc. no. 8.)

Defendant in this case, and parties in similar cases in other districts, have cited to the Report and Recommendation of Hinkle v. CBE Group, 2012 WL 681468 (S.D. Ga. Feb. 3, 2012), to support dismissal of similarly plead FCRA claims.  See Boston v. Leading Edge Recovery Solutions, LLC, 2012 WL 6018178 (W.D.N.C. Dec. 3, 2012) (dismissing substantially similar complaint); cf. Pyle v. First Nat'l Collection Bureau, 2012 WL 5464357 (E.D. Cal. Nov. 8, 2012) (dismissing the case but noting that the plaintiff pled in his complaint that the defendant was a debt collector attempting to collect on a delinquent credit card account).  Yet, had the issue of the

7

adequacy of the complaint been placed more squarely before the presiding judge, i.e. had there been objections to the Report and Recommendation, the result obtained may have been different. Now, prompted to more directly address the merits of Defendant's motion to dismiss, I conclude that Plaintiff's complaint in this case is sufficient to survive the Rule 12(b)(6) challenge.

Upon the foregoing, Defendant's motions to dismiss (doc. nos. 7 & 21) are **CONVERTED** to a motion for summary judgment. See Fed. R. Civ. P. 12(d). The conversion of Defendant's motions requires observance of the procedural requirements of the summary judgment process. Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir. 1990). Accordingly, the Clerk is **DIRECTED** to issue a Griffith[2] notice of summary judgment to the parties so that each may file any additional materials. These materials must be submitted by the close of business on January 25, 2013.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam).