## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle | |
|      Plaintiff, | |
| | CIVIL ACTION |
| v. | FILE NO. 3:12-cv-00052-DHB-WLB |
| ARS National Services, Inc., | |
|      Defendant. | |

## **AFFIDAVIT OF DAN MONTENARO**

Personally appeared the undersigned affiant, Dan Montenaro, before an attesting officer, duly authorized by law to administer oaths, and who after first being duly sworn, deposes and states under oath as follows:

1.

I, Dan Montenaro, am a resident of the State of California and am over 18 years of age, and I am competent to testify to the statements set forth in this Affidavit. This Affidavit is based upon my own personal knowledge and if called upon to testify, the content of this Affidavit would be my testimony as to the things stated herein. I give this Affidavit in support of ARS National Services, Inc.'s motion for summary judgment and for all other purposes permitted by law.

2.

I am employed by ARS National Services, Inc. ("ARS") as the Vice President of Risk Management and am personally familiar with the business procedures and policies of ARS with respect to the assignment and collection of credit card accounts and maintaining the records associated with same.  I am a custodian of records for ARS.

3.

I am familiar with ARS' system of recordkeeping and the company's related policies and procedures.  Those policies include, in part, ARS' creation of account notes for all activity on each individual account.  ARS uses software to track and notate all activity on an account at or near the time of each occurrence.  These "account notes" relate to the collection of unpaid accounts and are created and kept in the normal course of ARS' business.  Each entry on the account notes is indicated by data and is made at or near the time of the event described in the entry.

4.

The documents attached to this Affidavit as Exhibit "A" and Exhibit "B" are maintained in the normal course of ARS' business and the entries contained in each document were made at or near the time of the events

described in those entries.  It is regular business practice of ARS to produce and maintain the documents attached hereto as Exhibits "A" and "B"

5.

Prior to executing this Affidavit, I reviewed true and correct copies of Exhibit "A" and Exhibit "B" which are presently in my custody.

6.

I have relied upon said business records as stated, and upon my own personal knowledge and experience of ARS' business in making this Affidavit.

7.

ARS has contracted with Capital One to collect its unpaid credit card debts.

8.

According to Exhibit "A", Capital One authorized ARS to collect account bearing number xxxx-xxxx-xxxx-9509 which was purported to be owed by Teri L. Hinkle (the "Account") on or about February 22, 2008.  See fields entitled "Assigned", "Client#", "Client Ref#" and "Name".

9.

According to Exhibit "A", ARS was advised by Capital One that the Account was owed by Teri L. Hinkle.

10.

On lines 10 and 11 of Exhibit "A", the account notes state "11:21 02-22-08 BEG STRAT TUSCORE (MASS-SS)" and "11:21 02-22-08 END STRAT TUSCORE." These codes refer to ARS' accessing certain credit report related information on Plaintiff from TransUnion on February 22, 2008 at 11:21 AM.

11.

On lines 24 and 25 of Exhibit "A", the account notes state "7:11 02-23-08 ** EXPERIAN IMPORT NOTES BEGIN ** DJB" and "7:11 02-23. EXPERIAN IMPORT NOTES END ** DJB". These codes refer to ARS' accessing certain credit report related information on Plaintiff from Experian on February 23, 2008 at 7:11am. Experian's information was "imported" in ARS' computer system.

12.

On line 225 of Exhibit "A", the account notes state "8:32 12-6-08 LEXNEX RECALLED CDA". These codes mean Capital One recalled the Account from ARS on December 6, 2008.

13.

On May 21, 2010, the Account was again placed with ARS by Capital

One for ARS to collect the Account.  See Exhibit "B" and field entitled

"Assigned".

14.

According to Exhibit "B", ARS was again advised by Capital One that

the Account was owed by Teri L. Hinkle.  See page 1 of Exhibit "B" and

fields entitled "Client#", "Name" and "Client Ref#".

15.

On lines 1 and 2 of Exhibit "B", the account notes state "14:47 5-21-10

** TRANSUNION DATA REQUESTED ** JZH" and "6:35 5-22-10 **

TRANSION IMPORT NOTES BEGIN ** CDA".  These codes refer to

ARS' accessing certain credit report related information on Plaintiff from

TransUnion on May 21, 2010 at 2:57 pm.

16.

On lines 14 and 15 of Exhibit "B", the account notes state "7:13 5-22-10

BEG STRAT TUSCORE (MASS-SS)" and "7:13 5-22-10 END STRAT

TUSCORE".  These codes refer to ARS' accessing certain credit report

related information on Plaintiff from TransUnion on May 22, 2010 at 7:13

am.

17.

ARS accessed Plaintiff's credit report related information in 2008 and 2010 in connection with the collection of Plaintiff's Capital One credit card account.

18.

The reason ARS accessed Plaintiff's consumer report related information was to obtain information about Plaintiff that may assist in the collection of the Account.

19.

ARS is a collection agency and is in the business of collecting unpaid, overdue credit card accounts on behalf of its creditor clients.

20.

I am familiar with ARS' system of recordkeeping and the company's related policies and procedures. Those policies include, in part, ARS' receipt, review and storage of written correspondence received from consumers that relate to the collection of unpaid credit card accounts in the normal course of business.

21.

The document attached to this Affidavit as Exhibit "C" was maintained in the normal course of ARS' business.  Exhibit "C" is written correspondence received by ARS from Plaintiff.

22.

Prior to executing this Affidavit, I reviewed true and correct copies of Exhibit "C" which is presently in my custody.

23.

In lines 142 to 146 of Exhibit "B", the account notes state on June 3, 2011 ARS "RECVD CORRESPONDENCE FROM CONSUMER NOTICE OF PENDING LAWSUIT FOR FAILURE NOT TO RESPOND TO CONSUMER'S SECOND LETTER."

24.

Attached hereto as Exhibit "C" is a true and correct copy of the written correspondence dated May 31, 2011 from Teri Lynn Hinkle received by ARS on June 3, 2011.

Dated this 24th day of JANUARY, 2013

Dan Montenaro
Vice President of Risk Management
ARS National Services, Inc.

Sworn to and subscribed before me,
This the _24_ day of _January_, 2013.

_____
NOTARY PUBLIC
My commission expires: _4|7|16_

ANGELA LYNN BREY
Commission # 1974436
Notary Public - California
San Diego County
My Comm. Expires Apr 7, 2016

# EXHIBIT "A"

**ARS# 14799272**

ASSOCIATED RECOVERY SYSTEMS, INC.    14:48:53 20 JUN 2012

|  |  |  |  |  |  | ASSIGNED AMOUNTS | |
|---|---|---|---|---|---|---|---|
|  |  |  | —OWING— | —RECEIVED— |  | —OWING— | —RECEIVED— |
| CLIENT# | CAP1Z CAPITAL ONE SERVICES, IN |  |  |  |  |  |  |
| ACCOUNT# | 14799272 | AGN/AMT | 921.68 | 0.00 | PRINCIPAL | 626.24 | 0.00 |
| NAME | HINKLE, TERI L | INT | 0.00 | 0.00 | ASGN INT | 295.44 | 0.00 |
| NAME2 |  | CANCELLED | 0.00 |  | COMM FEES | 0.00 | 0.00 |
| ADDRESS | ▓▓▓▓▓ | ATTORNEY | 0.00 | 0.00 | AMISC1 | 0.00 | 0.00 |
| ADDRESS2 |  | COURT | 0.00 | 0.00 | AMISC2 | 0.00 | 0.00 |
| CITY | SOUTH ROCKWOOD | MISC | 0.00 | 0.00 | AMISC3 | 0.00 | 0.00 |
| ST/ZIP | MI  48179-9724 | TOTAL*** | 921.68 | 0.00 | AMISC4 | 0.00 | 0.00 |
| PHONE | 734-379-4368 |  |  |  | AMISC5 | 0.00 | 0.00 |
| NOTE LNS | 228 |  | NET W/JMT** |  | AMISC6 | 0.00 | 0.00 |
| DESK/UNIT | 19 |  |  | 921.68 | AMISC7 | 0.00 | 0.00 |
| DOB | ▓▓▓-52 | STATUS: CAN  COMM: .44 |  |  | AMISC8 | 0.00 | 0.00 |
| SSN | 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 | — DATE — |  |  | AMISC9 | 0.00 | 0.00 |
| DRL |  | ASSIGNED 02-22-08 |  |  |  |  |  |
| CLIENT REF# | ▓▓▓▓9509 | LAST CHG |  |  | MISCELLANEOUS AMOUNTS | |  |
| FWD-CLIENT |  | LAST PAY |  |  | —OWING— | —RECEIVED— |
| INT RATE(D) 0 |  | LAST ACT 11-26-08 |  |  | MISC | 0.00 | 0.00 |
| PACKET# |  | CL LC/LP |  |  | OVERPMT | 0.00 | 0.00 |
| — SPECIAL FIELDS — | | INTR EFF 02-22-08 |  |  | MISC1 | 0.00 | 0.00 |
| PATIENT |  |  |  |  | MISC2 | 0.00 | 0.00 |
| FACT # |  | JMT # |  |  | MISC3 | 0.00 | 0.00 |
| AXIOM # |  | PPA EXC |  |  | MISC4 | 0.00 | 0.00 |
|  |  | CREDIT RPT |  |  | MISC5 | 0.00 | 0.00 |
|  |  |  |  |  | MISC6 | 0.00 | 0.00 |
|  |  |  |  |  | MISC7 | 0.00 | 0.00 |

—— NOTES —— FOR ACCOUNT 14799272

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓(MASS-SS)
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓(MASS-SS)
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
* ▓▓▓▓ 11:21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
* ▓▓▓▓ 11:21 02-22-08 ▓▓▓▓▓▓▓▓▓(MASS-SS)
* ▓▓▓▓ 11:21 02-22-08 ▓▓▓▓▓▓▓▓▓
* (010) 11:21 02-22-08 BEG STRAT TUSCORE (MASS-SS)
* (011) 11:21 02-22-08 END STRAT TUSCORE
* ▓▓▓▓ 11:21 02-22-08 BEG STRAT ACCUR (MASS-SS)
* ▓▓▓▓ 11:21 02-22-08 END STRAT ACCUR
* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
* (020) 11:21 02-22-08 BEG STRAT LTR SND (MASS-SS)
* (021) 16:24 02-22-08 DDSK-999 |NNH▓
* (022) 16:35 02-22-08 REQ LTR#100 LT NOTICE (100)
* (023) 16:44 02-22-08 DDSK-659 |NLH▓
  (024) 07:11 02-23-08 ** EXPERIAN IMPORT NOTES BEGIN ** |DJB
  (025) 07:11 02-23-08 ** EXPERIAN IMPORT NOTES END ** |DJB
  (026) 08:00 02-25-08 LEXNEX REQUESTED |HOG▓
  (027) 08:11 02-25-08 SNT LTR#100 |HOG▓
  (028) 11:27 02-25-08 TEL RES/NO ANSWR |HOG▓
  (029) 11:27 02-25-08 REVIEWED BUREAU |HOG▓
  (030) 14:45 02-25-08 N-NO-ANS (HOME PHN |DLR)

**REDACTED**
**By ATTORNEY**
_JKA_
**Atty Initials**

—— NOTES —— FOR ACCOUNT 14799272 (CONTINUED)

REDACTED
By ATTORNEY
_JKA_
Atty Initials

— NOTES — FOR ACCOUNT 14799272 (CONTINUED)

**REDACTED
By ATTORNEY**

JKA

**Atty Initials**

— NOTES — FOR ACCOUNT 14799272 (CONTINUED)

**REDACTED**
**By ATTORNEY**
JKA
**Atty Initials**



---- NOTES ---- FOR ACCOUNT 14799272 (CONTINUED)

REDACTED
By ATTORNEY
JKA
**Atty Initials**

(225) 08:32 12-06-08 LEXNEX RECALLED |CDA

# EXHIBIT
# "B"

# ARS# 20230927

ASSOCIATED RECOVERY SYSTEMS, INC.    14:50:21 20 JUN 2012

| | | | | —OWING— | —RECEIVED— | | | |
|---|---|---|---|---|---|---|---|---|

|  |  |  |  |  |  |
|---|---|---|---|---|---|

CLIENT#   CAP1QPAW CAPITAL ONE SERVICES,                                    ASSIGNED AMOUNTS

| | | | —OWING— | —RECEIVED— | | —OWING— | —RECEIVED— |
|---|---|---|---|---|---|---|---|
| CLIENT# | CAP1QPAW CAPITAL ONE SERVICES, | AGN/AMT | 1,147.71 | 0.00 | PRINCIPAL | 626.24 | 0.00 |
| ACCOUNT# | 20230927 | INT | 0.00 | 0.00 | ASGN INT | 521.47 | 0.00 |
| NAME | HINKLE, TERI L | CANCELLED | 0.00 | | COMM FEES | 0.00 | 0.00 |
| NAME2 | | ATTORNEY | 0.00 | 0.00 | AMISC1 | 0.00 | 0.00 |
| ADDRESS | | COURT | 0.00 | 0.00 | AMISC2 | 0.00 | 0.00 |
| ADDRESS2 | | MISC | 0.00 | 0.00 | AMISC3 | 0.00 | 0.00 |
| CITY | | TOTAL*** | 1,147.71 | 0.00 | AMISC4 | 0.00 | 0.00 |
| ST/ZIP | | | | | AMISC5 | 0.00 | 0.00 |
| PHONE | | | | | AMISC6 | 0.00 | 0.00 |
| NOTE LNS | 177 | NET W/JMT** | | 1,147.71 | AMISC7 | 0.00 | 0.00 |
| DESK/UNIT | 19 | STATUS: CAN  COMM: .40 | | | AMISC8 | 0.00 | 0.00 |
| DOB | 52 | — DATE — | | | AMISC9 | 0.00 | 0.00 |
| SSN | 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 | ASSIGNED 05-21-10 | | | | | |
| DRL | | LAST CHG | | | | | |
| CLIENT REF# | 9509 | LAST PAY | | | MISCELLANEOUS AMOUNTS | | |
| FWD-CLIENT | | LAST ACT 06-19-12 | | | —OWING— | —RECEIVED— | |
| INT RATE(D) 0 | | CL LC/LP | | | MISC | 0.00 | 0.00 |
| PACKET# | | INTR EFF 05-21-10 | | | OVERPMT | 0.00 | 0.00 |
| — SPECIAL FIELDS — | | | | | MISC1 | 0.00 | 0.00 |
| PATIENT | | JMT # | | | MISC2 | 0.00 | 0.00 |
| FACT # | | PPA EXC | | | MISC3 | 0.00 | 0.00 |
| AXIOM # | | CREDIT RPT | | | MISC4 | 0.00 | 0.00 |
| | | | | | MISC5 | 0.00 | 0.00 |
| | | | | | MISC6 | 0.00 | 0.00 |
| | | | | | MISC7 | 0.00 | 0.00 |

—— NOTES —— FOR ACCOUNT 20230927

(001) 14:47 05-21-10 **TRANSUNION DATA REQUESTED** |JZH

(002) 06:35 05-22-10 ** TRANSUNION IMPORT NOTES BEGIN ** |CDA

(003) 06:35 05-22-10 RECORD RETURNED LOW SCORE |CDA

(004) 06:35 05-22-10 ** TRANSUNION IMPORT NOTES END ** |CDA

(011) 07:13 05-22-10 END STRAT CAPSEGMENT

(012) 07:13 05-22-10 BEG STRAT CRED (MASS-SS)

(013) 07:13 05-22-10 END STRAT CRED

* (014) 07:13 05-22-10 BEG STRAT TUSCORE (MASS-SS)
* (015) 07:13 05-22-10 END STRAT TUSCORE

(016) 07:13 05-22-10 BEG STRAT ACCUR (MASS-SS)

(017) 07:13 05-22-10 END STRAT ACCUR

**REDACTED
By ATTORNEY**

JKA

**Atty Initials**

— NOTES — FOR ACCOUNT 20230927 (CONTINUED)



REDACTED
By ATTORNEY
JKA
**Atty Initials**

---- NOTES ---- FOR ACCOUNT 20230927 (CONTINUED)

REDACTED
By ATTORNEY
JKA
**Atty Initials**

(142) 12:35 06-03-11 RECVD CORRESPONDENCE FROM WB/JYS

—— NOTES —— FOR ACCOUNT 20230927 (CONTINUED)

(143)          CONSUMER NOTICE OF PENDING
(144)          LAWSUIT FOR FAILURE NOT TO
(145)          RESPOND TO CONSUMER'S SECOND
(146)          LETTER



REDACTED
By ATTORNEY
JKA
**Atty Initials**

# EXHIBIT
# "C"

May 31, 2011

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia
31023
queensongbird@gmail.com

Judy A. Shaw
Risk & Litigation Analyst
ARS National Services, Inc.
270 W. 2nd Ave.
Escondido, CA 92025
Judy.Shaw@arsnational.com

RE:   ARS Account #20230927

## NOTICE OF PENDING LAWSUIT

Dear Ms. Shaw,

I sent to you my response via email to your letter dated May 18, 2011 received via email (see enclosed).  I made it quite clear in all my correspondence that this issue has nothing to do with any alleged debt I may or may not owe. This issue is one of a clear and present violation on the part of ARS of the FCRA which was included in my email response to you (see enclosed).  This violation against my privacy is the sole issue which is relevant to this cause of action.

Enclosed is a copy of the suit I intend to file in Federal District Court regarding your violation of the FCRA by pulling my credit information in May of 2010 clearly evidenced in my TransUnion credit file.

Your failure to respond to my second letter indicates to me that ARS is not willing to settle this matter amicably however I am willing to accept by way of settlement, a check in the amount of $1,000.00 which is the amount of statutory damages allowed for this violation under FCRA.  I will allow seven days from the date of your receipt of this correspondence to receive a check in that amount. If this is not an acceptable settlement to this matter I will file the suit and let a jury decide as well as consider litigation under Georgia state law in addition to the Federal Complaint.

Best Regards,

Teri Lynn Hinkle

Enclosures: Letters of correspondence, Federal Complaint

Postal Certified # 7010 0780 0000 2275 7857

Page 1 of 1



May 18, 2011

Teri Lynn Hinkle
322 Bethel Street
Eastman, GA  31023

Re:   ARS Account #20230927
      Capital One Account #█████████9509

Dear Ms. Hinkle:

I am writing in response to your correspondence of May 12, 2011.  I appreciate this opportunity to respond on behalf of ARS National Services, Inc. (ARS).

I understand the concerns expressed in your correspondence.  Please be assured that ARS considers all consumers' inquires and complaints a serious matter. Such conduct is a violation of company policy and procedures and will be dealt with appropriately.

I would like to follow up on your statement that "our company had no permissible purpose" for the inquiry into your credit history.  ARS is a debt collection agency.  Our client, Capital One, sent your account to us for collections.

> *Section 604(a)(3)(A) of the FCRA provides a consumer reporting agency ("CRA," usually a credit bureau) with a permissible purpose to provide a report on a consumer to a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or <u>collection of an account</u> of, the consumer."*

The credit inquiries made on your account were for the purpose to collect a debt on a Capital One account #█████████9509.  The amount at the time was for $1,147.71.  Please allow me to assure you that you will no longer receive any correspondence regarding this matter.  ARS is not a credit reporting agency and therefore, does not report any derogatory issues to credit bureaus.

Please be assured that this account has been closed and recalled by our client for further handling as of December 6, 2010. We have removed your contact information from our core systems and dialer campaign and your account has been notated to that effect.

**REDACTED**
**By ATTORNEY**
_JKA_
**Atty Initials**

We are confident that this will absolve any further attempts to pursue this matter.  Should have any further questions, you may contact our client directly at 1-800-258-9319, as ARS National Services, Inc. will no longer be handling this account.

Sincerely,

Judy A. Shaw
Risk & Litigation Analyst
ARS National Services, Inc.
270 W. 2nd Ave.
Escondido, CA  92025
1.800.456.5053, Ext. 1276
Judy.Shaw@arsnational.com

SENT VIA EMAIL

May 20, 2011

Ms. Judy Shaw:

In response to your correspondence dated May 19, 2011:

**The FCRA in 15 U.S.C. §1681a(r)(4) states:**

*The terms "account" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic Fund Transfer Act.*

**TITLE IX—ELECTRONIC FUND TRANSFERS**

**§ 903.  Definitions**

As used in this title--

(2)  the term "account" means a demand deposit, savings deposit, or other asset account (*other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act*), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

As you can see, the definition of "account" clearly does NOT include an account such as a credit card open end credit account but *includes a demand deposit account, savings deposit or other asset account* which is wholly different.

Your premise of "permissive purpose" for pulling my credit does not hold water.  The fact that you are no longer dealing with that account has no bearing whatsoever on whether you violated the FCRA in the past when you pulled my credit report without a permissible purpose or my consent.

 As I said in my initial letter to you I will ONLY correspond by email in the future. I hope we can come to a reasonable resolution of this matter as your litigation costs alone would most likely exceed the amount of my proposed settlement with you.

I look forward to your timely reply via email only.


Teri Lynn Hinkle

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | Case No _____ |
| **vs** | ) | |
| | ) | |
| ARS NATIONAL | ) | Judge _____ |
| SERVICES, INC. | ) | |
| John Does 1 thru 10 | ) | |
| **Defendant(s)** | ) | Trial by Jury Demanded |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Teri Lynn Hinkle, a natural person, who resides in Dodge County, Georgia.

4. The Defendant in this lawsuit is ARS NATIONAL SERVICES, INC. an unknown entity with offices at 270 W. 2nd Ave., Escondido, CA, 92025

### VENUE

5. The occurrences which give rise to this action occurred in Dodge County, Georgia and Plaintiff resides in Dodge County, Georgia.

6. Venue is proper in the Southern District of Georgia.

## GENERAL ALLEGATIONS

7.  Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8.  Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9.  Plaintiff found after examination of her TransUnion consumer credit report that Defendant ARS NATIONAL SERVICES, INC. had pulled Plaintiff's TransUnion consumer credit report in May of 2010.

10. Discovery of violation brought forth herein occurred in May of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT ARS NATIONAL SERVICES, INC.

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ARS NATIONAL SERVICES, INC.

18. At no time did Plaintiff give her consent for Defendant ARS NATIONAL SERVICES, INC. to acquire her consumer credit report from any credit reporting agency.

19. In May of 2010 Defendant ARS NATIONAL SERVICES, INC. obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. §  1681b.

20. The action of Defendant ARS NATIONAL SERVICES, INC. obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.


Wherefore, Plaintiff demands judgment for damages against Defendant, ARS NATIONAL SERVICES, INC. for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.