UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JAN 29 PM 12: 16
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| Teri Lynn Hinkle<br>Plaintiff<br><br>vs<br><br>ARS NATIONAL<br>SERVICES, INC.<br>Defendant | CIVIL ACTION<br>FILE NO. 3:12- cv-00052-DHB-WLB |

## NOTICE OF NON-COMPLIANCE BY DEFENDANT

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, Teri Lynn Hinkle wishes to bring to the attention of the Court the blatant non-compliance of the Defendant, requests the intervention of the Court and states as follows:

1. Plaintiff is fully aware of the order of the Court dated January 7, 2013 governing proceedings in the above styled case.

2. The latest pleading by Defendant which is not in compliance with the plain language of the Court's order has caused Plaintiff to be unclear as to how she is required to proceed. Plaintiff has already complied with the order of the Court, Dkt #26 pg 8, ¶2:

   a. "Upon the foregoing, Defendant's motions to dismiss (doc. Nos. 7 &21) are **CONVERTED** to a motion for summary judgment. The conversion of Defendant's motions requires observance of the procedural requirements of the summary judgment process………. Accordingly, the clerk is **DIRECTED** to

issue a Griffith notice of summary judgment to the parties so that each may file any additional materials. These materials must be submitted by the close of business on January 25, 2013."

   b. The Court cited *Jones v Automobile Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, (11th Cir. 1990). In ¶ 14 of that case the following is stated: *Rule 56 states, in relevant part, that a "motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing." Thus, the court must give the parties ten days notice that it is converting the moving party's motion to dismiss into a motion for summary judgment. Griffith v. Wainwright,* 772 F.2d 822, *825 (11th Cir.1985) (and cases discussed therein).* **Once the notice required by Rules 12(b) and 56 has been given, the court properly may consider the converted motion for summary judgment and any materials in support of or in opposition to the motion as of a certain day. Id.**

3. Plaintiff has interpreted the plain language of the Court's order to mean that both parties were to submit "additional materials", meaning materials either in support or opposition, to the summary judgment motion created by the Court's conversion not that either party has been granted leave to ignore that order and simply file a whole new pleading.

4. The Court ordered on January 7, 2013 that both parties submit any materials in support or opposition to the converted summary judgment by Jan. 25, 2013. Plaintiff filed a proper memorandum in opposition to the **converted** summary judgment motion based on the contents of the same on Jan. 25, 2013. ARS, instead of submitting materials in support of the **converted** summary judgment motion, filed yet another pleading for a whole new motion for summary judgment.

5. Plaintiff does not believe the court should consider new pleadings filed by the defendant as they do not comport with the orders of the court.

6. Plaintiff has made every effort to comply with the Federal Rules of Civil Procedure and each and every order of this Honorable Court while Defendant has repeatedly attempted to delay the case at every turn in an attempt to drag out the process and impede justice by denying Plaintiff due process in moving the case to discovery.

7. The repeated efforts of the defense to muddy the waters and to distort the orders of the court would appear to be a deliberate effort to escalate legal fees, avoid mitigation and discovery to ultimately follow through on the threats made to Plaintiff by Mr. Montenaro, (*See* Affidavit attached), to financially punish the Plaintiff for not meeting his demands and resisting coercion and intimidation. Plaintiff's complaint is unquestionably legitimate, not frivolous in any manner and Plaintiff has repeatedly offered to meet Mr. Montenaro's demand if he would provide her with VERIFIED ORIGINAL DOCUMENTED PROOF that she is in the wrong. Mere in-house electronic business records such as those submitted with Defendant's latest pleading, (Dkt.#29,) are nothing more than conclusory statements as are the Affidavits from persons with no first hand fact knowledge of DOCUMENTED PROOF. Plaintiff seeks justice and remedy in law only. The vendetta shoe, if there is one appears to be on the other foot.

8. This case has been dragged out repeatedly since it's filing in June of 2012 and has yet to get beyond the 26f conference, not because the Plaintiff has not followed rules of procedure and consistently endeavored to move it forward but because the Defendant insists on gaming the system to avoid it. The smoke and mirrors approach of repetitive similar pleadings by the Defendant has done nothing to attain progression to a conclusion

in this case. Any effort by the Plaintiff to move forward has been opposed and yet the Defendant expects that nearly ten thousand dollars in fees for doing nothing productive should be levied on her by the court as Mr. Montenaro threatened he would demand early on if she did not cow tow to his wishes.

9. On a thorough examination of the multitude of similar fillings by the Defendant it would appear that Mr. Montenaro is directing ARS's legal counsel to file numerous repetitive pleadings with the court in an attempt to unnecessarily inflate the charges in an effort to attempt to unethically and illegally saddle the plaintiff with substantial, unnecessary and unwarranted legal fees in order to follow through with his threats. There is virtually no reason why nearly identical motions to dismiss and now motions for summary judgment should be filed in this case and the court should take note of the ridiculous nature of the filings. Mr. Montenaro's repeated threats to Plaintiff are clear evidence of the nature of malicious intent ARS is capable of and explains in part the myriad of complaints concerning them one can easily find on the Internet.

10. There have been five other entities all making the same collection claim on the same alleged debt as ARS in the same time frame as ARS and three have backed down when challenged simply because they could not prove the claim either. The fact that multiple entities possess some personal information about the Plaintiff is not evidence of anything except that they possess it and it could possibly have been acquired illicitly. Plaintiff is no different than hundreds of thousands of other consumers who are tired of being victimized by companies attempting to cash in on legalized fraud and line their pockets with unjust enrichment at the expense of those least able to defend themselves. Congress has done very little in the past several decades to benefit the people of this country but at

least the consumer protection statutes enabling the people to educate and defend themselves, were a giant step in the right direction. The statutes are not perfect and are routinely and deliberately mis-interpreted by the predatory collection industry so it is up to the people to behave the way Congress intended and seek justice on their own as private attorney generals. Plaintiff is not perfect either and at a decided disadvantage not having a formal education in the law, however reading, comprehension and retention is not exclusive to bar card attorneys and when Plaintiff makes a mistake she endeavors to correct it. Plaintiff expects the Defendant to be held at the very least, to the same standard.

11. Plaintiff is a pro se studying on her own in an effort to exert her rights under the law. Plaintiff has made every effort to comport with the rules of procedure and court orders while Defendant, represented by professional counsel continually behaves as though the rules do not apply to them and orders issued by the court are not to be followed.

12. The plaintiff would remind the court that sometimes you just have to look at the obvious. First ARS claimed to have been "retained" by an original creditor. Now ARS claims to have been "assigned" an alleged account twice, once in 2008 and again in 2010, yet has shown no attempt was ever made to honor any obligation they claim to have had to the alledged creditor to collect. Instead, it would appear to even the most unsophisticated consumer that they purchased Plaintiff's personal information and then "mined" her credit report to see if she had any assets they might like to steal from her.

13. If Mr. Montenaro's purpose for telephoning the Plaintiff was truly to persuade her to dismiss the case, why then if he actually had in his possession the proof he proclaimed to have, did he not simply give it to her in order to achieve his stated goal? Why did he feel

the need instead to threaten her with financial punishment for not buckling to his demands? The proof he agreed to provide "within the week", has never been revealed to date.

14. Plaintiff has propounded Discovery in a timely manner which has yet to be answered. Plaintiff has requested an agreement on a new discovery schedule as ordered by the Court but has not been answered to date. Plaintiff understands that opposing counsel has suffered a bout with the flu recently but that did not prevent the lengthy new pleading submitted in place of the response ordered by the Court. Plaintiff is at a loss as to how she is expected to respond if the other side considers itself above the rules.

15. Plaintiff believes that the Defendant's additional pleadings are outside the scope of the Court's order and they should not be considered in conformance with the plain language of that order entered January 7, 2013.

16. Plaintiff only seeks a fair and impartial opportunity to show through discovery that her complaint is well founded and has merit so justice may be served.

WHEREFORE, Plaintiff requests that the Court stand by the plain language of its order of January 7, 2013 and not consider the pleadings filed by the Defendant in direct contradiction to that order. In the alternative Plaintiff requests guidance from the Court as to how she is expected to proceed given the deviation from the original order by the Defendant and leave to file a proper response to any new and specific order of the Court if necessary.

Respectfully Submitted

*[signature]*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

## AFFIDAVIT IN SUPPORT OF NOTICE

NOW COMES the Affiant, Teri Lynn Hinkle of Dodge County, Georgia who is over the age of 21, competent to testify, and declares as follows under penalty of perjury regarding Case No. 3:12-cv-00052-DHB-WLB, Teri Lynn Hinkle v. ARS National Services Inc.:

1. That Affiant/Plaintiff stated in her previous Affidavit that the parties involved held a good faith telephone conference discussing ARS's demand that Affiant/Plaintiff dismiss the case in August of 2012, to the best of Affiant/Plaintiff's recollection. Defendant's in house General Counsel, Dan Montenaro who is not on record as counsel in this case, agreed to provide "contractual evidence" of their permissible purpose within the week. Mr. Montenaro has failed to provide the agreed upon documents as of the date of this Affidavit.

2. That it was Mr. Montenaro who initiated the telephone call for the stated purpose of persuading Affiant/Plaintiff to dismiss the case.

3. That when Affiant/Plaintiff refused to accept what she considered to be conclusory evidence that ARS had not violated the FCRA, specifically an affidavit of an employee of ARS, she heard Mr. Montenaro to say, "if you don't dismiss this case I will instruct the Bedard Law Group to rack up the fees to ten or twenty thousand dollars and make sure the court makes you pay it."

4. That it was only after Mr. Montenaro agreed to provide the documents Affiant/Plaintiff asked for that she heard him to say, "once you get that you had better dismiss this case or I will see to it you pay."

5. That a few days after the telephone conversation with Mr. Montenaro Affiant/Plaintiff spoke with local counsel, Jonathan Aust of the Bedard Law Group and Mr. Aust told her that Mr.

Montenaro had contacted him to inform him that she had agreed to dismiss the case if ARS would provide an affidavit as to its claim to a permissible purpose.

6. That Affiant/Plaintiff informed Mr. Aust that Mr. Montenaro had been lying and that she had made no such agreement.

7. That Affiant/Plaintiff expressed her outrage at being threatened and the improper communication from Mr. Montenaro to Mr. Aust and Mr. Aust promised to see to it that there be no more communications directly from Mr. Montenaro to her.

8. That it was only after Affiant/Plaintiff advised ARS's local counsel Jonathan Aust of the previous companies having attempted to claim ownership of the same alleged debt well before ARS had claimed they had been "retained" in 2010, did ARS suddenly claim to have had it in 2008. Affiant/Plaintiff never heard a mention of any previous claim by ARS until after that conversation on January 17, 2013.

SIGNATURE OF NOTARY ON NEXT PAGE

## NOTARY'S VERIFICATION

STATE OF GEORGIA

COUNTY OF DODGE

On this day personally came before me the above-named Affiant, who proved her identity to my satisfaction, and she acknowledged her signature on this Affidavit in my presence and stated that she did so fully understanding that she was subject to the penalties of perjury.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Eastman, Georgia

January 28, 2013

_Teri Lynn Hinkle_

Name of Notary: Tammy Jones McCranie

Signature of Notary: _[signature]_

Seal

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle<br>  Plaintiff<br><br>vs<br><br>ARS NATIONAL<br>SERVICES, INC.<br>  Defendant | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO. 3:12- cv-00052-DHB-WLB<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: January 28, 2013

*[signature]*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

ARS NATIONAL SERVICES, INC.
C/O BEDARD LAW GROUP, P.C.
Jonathan K. Aust
2810 Peachtree Industrial Blvd. Ste.D
Duluth, Georgia 30097


