FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 15  AM 9: 48
CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Teri Lynn Hinkle<br>    Plaintiff<br><br>vs<br><br>ARS NATIONAL SERVICES, INC.<br>    Defendant | Civil Action File No:<br>3:12-cv-00052-DHB-WLB |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION FOR ENLARGEMENT OF TIME

TO THE HONORABLE JUDGE OF THIS COURT:

    **COMES NOW**, the Plaintiff, Teri Lynn Hinkle who respectfully requests this court deny Defendant, ARS National Services, Inc.'s Motion for Enlargement of Time and states as follows:

1. On January 7, 2013, the Court converted Defendant's second motion to dismiss filed November 16, 2012 to a motion for summary judgment and instructed the parties to file "any additional materials" in regard to that motion by close of business on January 25, 2013 (Dkt. #26).

2. Plaintiff complied with the Court's order and filed a memorandum and affidavit in opposition to the **converted** motion for summary judgment on January 25, 2013. Defendant, ARS filed a completely new motion for summary judgment on January 24, 2013 instead of filing supporting materials to the **converted** motion as ordered by the court. Plaintiff has stated the relevant facts in her notice of non-compliance filed on January 29, 2013. (Dkt #33).

3. ARS did not certify in its motion for enlargement of time that it conferred in good faith with Plaintiff before filing for the extension.

4. Plaintiff received an email from local counsel Jonathan K. Aust on the afternoon of February 8, 2013, (*See* Exhibit G attached), in which he asked if she would consent to a fourteen day extension of time to reply to her recently filed opposition (Dkt #31). Plaintiff replied immediately stating she would most definitely not consent to further delays. (See Exhibit G attached).

5. ARS has continually used tactics to avoid discovery and impede or prevent the forward movement of this case since its onset while Plaintiff has endeavored to comply with the Court's orders and the FRCP.

6. Plaintiff is a pro se without the benefit of a staff or assistance such as the Defendant has access to yet she has managed to meet every dead line imposed by Court order or procedural rules. Surely, with the resources available to the Defendant, its representation by legal counsel and General Counsel it should have been able to do the same.

7. Plaintiff has attempted twice to confer in good faith with Defendant regarding the Court ordered new proposed discovery schedule and the long overdue discovery materials Plaintiff has already propounded to no avail. Plaintiff has granted extra time willingly to Defendant to reply to discovery twice in deference to local counsel having been ill for a few days and would like to avoid having to file a motion to compel.

8. Plaintiff was asked to sign a joint protective order in regard to documents she requested in her first set of discovery materials. Plaintiff agreed to and signed the protective order which was entered into the Court file on September 13, 2012 (Dkt. #16 ). Defendant sought and was granted a stay on discovery until the Court ruled on the two motions to dismiss. Those

motions were ruled on and converted to a motion for summary judgment. The ruling on the stay instructed Defendant to respond to Plaintiff's discovery within ten days of the resolution of the two original motions which would have required them to respond by January 17, 2013.

9. For the second time instead of following the language of the Court's orders, Defendant has instead filed a second motion before the resolution of the first. Plaintiff is exasperated. This case has not moved beyond the 26f conference in eight months and now Defendant is asking for further delays.

10. Plaintiff believes the delays and repetitive filings by the Defendant have been for the sole purpose of delivering on the threat made to her twice now to increase legal fees and petition the Court to make her pay them if she doesn't acquiesce to their demands.

WHEREFORE, due to the continuing egregious actions of deliberate delay including the newest request for additional time, Plaintiff requests this Honorable Court put an end to these tactics and deny Defendant's motion for enlargement of time so that this cause of action may FINALLY move forward.

Respectfully Submitted,

*[signature]*
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
31023
Tel.: 478-374-4132

# EXHIBIT "G"



**Teri Hinkle <queensongbird@gmail.com>**

## Forgot to mention, Hinkle v ARS

**Jonathan Aust** <jaust@bedardlawgroup.com>  
To: Teri Hinkle <queensongbird@gmail.com>

Fri, Feb 8, 2013 at 9:49 AM

Teri,

In regards to discovery and the proposed scheduling order, we believe the Court's December 4, 2012 order staying all deadlines is still in place. The Court's order specifically provided: "All remaining deadlines in this case are hereby stayed pending resolution of the pending motions to dismiss." We contend that the Court did not resolve the motions to dismiss, rather, he converted them to a motion for summary judgment. Until the Court either grants or denies the motion for summary judgment, we believe discovery is still stayed and the deadline for Defendant to provide discovery responses and provide a proposed scheduling order are stayed.

When we spoke on Wednesday I believe you mentioned you were working on a response to the motion for summary judgment [Doc. 29]. After reading your opposition to Defendant's motion for summary judgment [Doc. 31], it appears that opposition was in regards to the motion to dismiss which was converted [Doc 21]. Therefore, it would appear as though you will have two opposition briefs in regards to the motion for summary judgment/motion to dismiss. If that is correct, would you be willing to consent to a fourteen (14) day extension for Defendant to reply to your recently filed opposition [Doc. 31] so that it may address all your arguments in both oppositions?

If I am incorrect about your statement regarding another opposition I apologize.

Please let me hear from you regarding this matter.

Thanks,

Jonathan K. Aust

jaust@bedardlawgroup.com

Bedard Law Group, P.C.

2810 Peachtree Industrial Blvd.,

Suite D

Duluth, Georgia 30097

**Telephone**: (678) 253-1871, ext. 203

**Facsimile**: (678) 253-1873

www.bedardlawgroup.com

**Licensed only in Georgia and North Carolina**

**From:** Teri Hinkle [mailto:queensongbird@gmail.com]
**Sent:** Thursday, February 07, 2013 12:23 PM
**To:** Jonathan Aust
**Subject:** Forgot to mention, Hinkle v ARS

[Quoted text hidden]



Teri Hinkle <queensongbird@gmail.com>

---

## Hinkle v ARS National Services, Inc.

**Teri Hinkle** <queensongbird@gmail.com>                  Fri, Feb 8, 2013 at 1:15 PM
To: Jonathan Aust <jaust@bedardlawgroup.com>
Bcc: Teri Hinkle <queensongbird@gmail.com>

Jonathan,

The Court's 12/4/2012 order was very clear in that it stayed the deadline until the motions to dismiss were resolved. That "resolution" was the conversion of the motions to a motion for summary judgment. The order clearly stated as well that once the issue of "dismissal" was decided your client had ten days to answer the discovery already propounded. The order on conversion says NOTHING about extending the stay on discovery or on the extension of time to submit an updated discovery schedule proposal.

Your client has consistently attempted to block the discovery process since the onset of this case, gone around local counsel and attempted to intimidate and coerce me while representing himself as counsel for ARS, **leveled threats to rack up fees** for the sole purpose of intimidation, followed through with that threat by motioning the Court for frivolous rule 11 sanctions, used you to intimate further sanctions if I don't give him what he wants and frankly I am tired of the tactics. I trust in the judge to make the determination and hopefully reach a conclusion similar to mine. The Court must decide what is the proper course of action as it would appear that at least your client's General Counsel has no interest whatsoever in abiding by the plain language in the Courts orders or in keeping within the clearly written FRCP. Keep in mind that I too have the ability to motion the Court for sanctions although having a clear understanding of Congress's 1983 Amended Federal Rules on Rule 11, I realize the seriousness of such an action, the possible ramifications on you as local counsel and have not taken that action thus far because unlike your client I wish to move forward, not to engage in the use of the same unethical tactics your client has displayed. Tit for tat gets us nowhere and accomplishes nothing but bogging down the Court.

Your client has refused to understand the basis of this case from the start, seems to be of the opinion that the whole thing is all about an alleged debt when it isn't, is determined to make it about that regardless of the facts which are the basis of my allegations and I cannot help that. Threats and coercion are exactly why ARS has been sued so many times for their abusive collection practices and it is time for that type of behavior nation wide to stop. It doesn't matter whether such behavior is displayed by a call center, in a dunning letter or in person, it is unconscionable.

As to my response to Doc. 29, it was entered into the record on the day required by the Courts order, exactly as the Court ordered ie; further materials to support my position on opposition to the CONVERTED motion. The order gave both sides ten days to submit further materials in support. I obeyed the order. Your client did not. Instead a whole new motion was filed, Doc. 31. As I stated before I have no wish to burden the Court with multiple pleadings in my attempt to abide by the Courts orders and have stated so to the Court. Your client chose not to do so by filing a separate motion instead of abiding by the clear instructions of the Court. So be it.

Yes you are correct that I stated I am working on a second opposition but that is only because I have no choice as there is a second motion I am obliged by the rules to respond to. I have not asked for extra time. I have managed on my own to comply with the deadlines, follow the rules to the best of my understanding, do extensive research, write my own pleadings without the benefit of paralegals or secretarial staff while running free granny day care, keeping an immaculate house and actually having a life outside this arena. I see absolutely no reason for any further delays and will oppose any motions for such. While I appreciate the fact that you and I have no problem working together as adversaries and can maintain professional respect and courtesy as is our responsibility, you not only have an entire law firm at your disposal replete with paralegals and other assistants it would appear that Mr. Montenaro in his capacity as General Counsel is directing the defense while playing both sides of the fence as it were and placing you squarely in the middle. There have never been any reasonable efforts to mitigate this

situation, only demands and threats. I realize that is not your style and imagine you can't be overly comfortable with it but it is what it is. I truly appreciate the fact that we can civilly agree to disagree but at the end of the day we are on opposite sides of the question and as a pro se I am at a disadvantage from the onset in that I have to rely on my own skills and do my own work. I intend to meet every challenge with the same, if not increasingly better diligence as my studies progress as I have thus far displayed.

Again, I will not agree to any further enlargements of time and will vigorously oppose any motions put forth requesting additional time. Enough is enough.

Please review the document attached paying particular attention the areas highlighted.

Hope you have a wonderful weekend.

Teri

*"A nation...cannot survive treason from within...the traitor ...wears the face of his victims,...and he appeals to the baseness that lies deep in the hearts of all men. He rots the soul of a nation—he works secretly...he infects the body politic so that it can no longer resist. A murderer is less to be feared......." Cicero, 42 B.C.E.*

vol13art19.pdf
1721K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **Teri Lynn Hinkle** )<br>**Plaintiff** )<br> )<br>vs )<br> )<br>**ARS NATIONAL** )<br>**SERVICES, INC.** )<br>**Defendant** )<br> ) | CIVIL ACTION<br>FILE NO. 3:12- cv-00052-DHB-WLB |

**CERTIFICATE OF SERVICE**

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: February 9, 2013

*(signature)*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132
queensongbird@gmail.com

ARS NATIONAL SERVICES, INC.
C/O BEDARD LAW GROUP, P.C.
Jonathan K. Aust
2810 Peachtree Industrial Blvd. Ste.D
Duluth, Georgia 30097