IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>　　Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>　　Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS AND SUPPORTING/ATTACHED DOCUMENTS OF DAN MONTENARO

COMES NOW ARS National Services, Inc., (hereinafter referred to as "Defendant") and files this Response in Opposition to Plaintiff's Motion to Strike Affidavits and Supporting/Attached Documents of Dan Montenaro.  In support, Defendant shows as follows:

### BACKGROUND

On June 15, 2012, Plaintiff, proceeding pro se, filed this action asserting claims for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. [Doc. 1]  In response, Defendant filed a Motion to Dismiss for failure to perfect service and failure to state a claim. [Doc. 7]  The Court deferred ruling on Defendant's Motion to Dismiss to provide Plaintiff with another opportunity to achieve proper service.  After being properly served, Defendant moved to dismiss

- 1 -

for failure to state a claim. On January 7, 2013, the Court ordered Defendant's Motion to Dismiss be converted to a Motion for Summary Judgment. [Doc. 26] Defendant filed its Motion for Summary Judgment on January 24, 2013. [Doc. 29] On February 6, 2013, the Plaintiff filed a Motion to Strike Affidavits and Supporting/Attached Documents of Dan Montenaro. [Doc. 34]

## ARGUMENT AND CITATION OF AUTHORITY

1. **Plaintiff's Motion to Strike is Procedurally Improper**

A motion to strike is not the procedurally proper vehicle to challenge an affidavit.[1] Federal Rule of Civil Procedure 12(f) permits a court to strike from any "pleading" an insufficient defense or any redundant, impertinent, or scandalous matter.[2] Pleadings are also narrowly defined by the Federal Rules and do not include motions to dismiss nor motions for summary judgment.[3] Therefore, Plaintiff's motion should be denied.

2. **Affiant Dan Montenaro's Testimony is Not Hearsay Pursuant to FRE 803(6)**

Plaintiff contends Dan Montenaro's testimony is hearsay because he has no personal knowledge of Defendant's actions prior to 2010. However, it is apparent that Plaintiff's Motion is simply an attack on Mr. Montenaro's credibility, in an

---

[1] Southard v. State Farm Fire & Cas. Co., 2013 U.S. Dist. LEXIS 7283 (S.D. Ga. Jan. 17, 2013) citing Jordan v. Cobb Cnty., Ga., 227 F. Supp. 2d 1322, 1346-47 (N.D. Ga. 2001).
[2] Fed. R. Civ. P. 12(f).
[3] Fed. R. Civ. P. 7(a).

attempt to convince this Court not to grant Defendant's Motion for Summary Judgment.  The Federal Rules of Evidence provide an exception to the rule against hearsay for records of regularly conduct activity.[4]  This exception is permitted when a record is made at or near the time of the act by someone with knowledge; the record is kept in the regular course of business; the making of the record is a regular practice; and the aforementioned conditions of the business records exception are shown by the testimony of the custodian.[5]

Mr. Montenaro's testimony, made under penalty of perjury, asserts ARS uses software to create and maintain records of all activity that occurs in relation to an account placed with ARS for collection.  His testimony asserts ARS creates records at or near the time the activity occurs on an account; the records are created and maintained in the regular course of ARS' collections business; and the records are made as part of the regular practice of ARS' collection activity.  In addition, Mr. Montenaro is a custodian of records and qualified to testify as to these records.  Accordingly, Mr. Montenaro's testimony is subject to the business records hearsay exception.

### 3. **<u>Affiant Dan Montenaro's Testimony is Made Under Penalty of Perjury</u>**

Mr. Montenaro's testimony, made under penalty of perjury, addresses the creation and maintenance of records as to activities associated with an account

---

[4] Fed. R. Evid. 803(6).
[5] Fed. R. Evid. 803(6)(A)-(D).

placed with ARS for collection.  Plaintiff attacks Mr. Montenaro's testimony by questioning his job title, state of residency, bar status, and the notaries involved.  Plaintiff's Motion is nothing more than the search results from her Internet research.  None of these search results are relevant to this action.  Plaintiff's Motion is simply an effort to frustrate the Defendant and expend more resources.

### 4. Dan Montenaro is Not Counsel of Record

Plaintiff cites O.C.G.A. § 24-9-25 to set forth the proposition that Mr. Montenaro's testimony is inadmissible because he is testifying on behalf of his client.  Plaintiff is mistaken in her belief that Mr. Montenaro represents ARS as legal counsel in this matter.  Mr. Montenaro is a fact witness testifying in regards to his knowledge of the record creation and maintenance procedures at ARS. The attorneys of record in this matter are the undersigned attorneys, neither of which intend to testify on behalf of ARS in this matter.

### CONCLUSION

Defendant respectfully requests that Plaintiff's Motion to Strike be DENIED.

Respectfully submitted this 20th day of February, 2013.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.

                                                            Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.  
Suite D  
Duluth, Georgia 30097  
Telephone: (678) 253-1871, ext. 203  
Facsimile: (678) 253-1873  
jaust@bedardlawgroup.com  
jbedard@bedardlawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>    Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Defendant's Response in Opposition to Plaintiff's Motion to Strike Affidavits and Supporting/Attached Documents of Dan Montenaro with the Clerk using the CM/ECF system and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

Respectfully submitted this 20th day of February, 2013.

                                        **BEDARD LAW GROUP, P.C.**

                                        /s/ Jonathan K. Aust
                                        Jonathan K. Aust
                                        Georgia Bar No. 448584
                                        John H. Bedard, Jr.
                                        Georgia Bar No. 043473