IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle,<br><br>    Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

**DEFENDANT'S OMNIBUS REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT[1]**

COMES NOW, Defendant ARS National Services, Inc., ("ARS" or "Defendant") and respectfully submits this Reply Brief in support of its Motion for Summary Judgment.

**I.    No Genuine Issue of Material Fact Exists**

ARS had a permissible purpose to access Plaintiff's credit report or related credit information. The collection of Plaintiff's Capital One credit card is a specifically listed permissible purpose under the Fair Credit Report Act ("FCRA") 15 U.S.C. § 1681 *et seq*. There is no genuine issue of any material fact and

---

[1] Defendant files this Reply to in Support of its Motion for Summary Judgment as to Plaintiff's Memorandum and Affidavit in Opposition to Defendant's Motion for Summary Judgment [Doc. 31] and Plaintiff's Memorandum and Affidavit in Opposition to Defendant's Second Motion for Summary Judgment, Brief in Support and Request for Fees [Doc. 37].

- 1 -

judgment may be entered as a matter of law. Plaintiff merely argues, without offering any evidence, a genuine issue exists by stating: "no permissible purpose to obtain Plaintiff's credit report." [Doc. 31, pg. 2] Plaintiff's mere statement that a fact question remains is not sufficient to oppose summary judgment.[2] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[3] Plaintiff wants to rely on a conclusory statement, there was no permissible purpose, without any evidence to rebut evidence provided by ARS.

ARS has submitted affidavits of Dan Montenaro and Cindy Salvo in which each provides ARS' permissible purpose. [Docs. 29-3 and 29-4] Mr. Montenaro attached copies of ARS' business documents showing when it received Plaintiff's account, when it accessed Plaintiff's credit report related information and when the accounts were recalled by Capital One. [Doc. 29-3]. Mr. Montenaro testified ARS contracted with Capital One to collect Capital One's unpaid credit card accounts and it was attempting to collect an account owed by "Teri L. Hinkle." [Doc. 29-3]. Furthermore, ARS has provided Plaintiff with discovery responses which include a written Capital One application signed by Teri Hinkle, an online Capital One application for Teri Hinkle and corresponding cardholder agreement and billing

---

[2] *Seng-Tiong Ho v. Talfove,* 648 F. 3d 489, 497 (2011); *Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F. 3d 195, 201 (2006); and *Fabrikant v. French,* 691 F. 3d 193, 205 (2012).
[3] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

statements.  Plaintiff has not come forward with any evidence to suggest an impermissible purpose for ARS accessing Plaintiff's credit report related information.  Plaintiff does not argue or provide evidence the Capital One account ARS was attempting to collect was not hers or her identity was stolen.  She merely argues ARS has not provided "verified fact evidence."

Plaintiff argues Mr. Montenaro's affidavit is inadmissible hearsay.  Mr. Montenaro's affidavit is admissible under the business records exception in Federal Rule of Evidence 803(6).  Mr. Montenaro's testimony asserts ARS uses software to create and maintain records of activity which occurs on an account.  He further asserts ARS creates records at or near the time the activity occurs on an account; the records are created and maintained in the regular course of ARS' business; and the records are made as part of the regular practice of ARS.  In addition, Mr. Montenaro is a custodian of record of ARS.  Therefore, Mr. Montenaro's affidavit and corresponding documents are admissible evidence. Plaintiff tries to attack the credibility of ARS' evidence but courts will not weigh the credibility of witnesses or other evidence in ruling on a motion for summary judgment.[4]

---

[4] *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986); See also *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 150 (2000).

Plaintiff relies on the Ninth Circuit's decision in *Pintos v. Pacific Creditors Association*[5], arguing it stands for the proposition that "debt collection does not necessarily constitute a permissible purpose under the FCRA" [Doc. 31, pg. 11] ARS argues the Ninth Circuit's decision held debt collection of an account "initiated" by the consumer constitutes a permissible purpose under the FCRA.[6] Plaintiff has not provided any binding authority that "debt collection does not necessarily constitute a permissible purpose under the FCRA." [Doc. 31, pg. 11]. Plaintiff ignores the numerous cases, throughout the country and in this Court, cited by ARS that collection of a debt resulting from a credit transaction is a permissible purpose for pulling a person's credit report.

## II.     ARS Had No Duty To Verify Account Before Accessing Credit Report Related Information

Plaintiff argues ARS failed to show any "effort or due diligence having been exercised" by ARS to ascertain if the debt was owed by Plaintiff. [Doc. 31]  She further argues there is no evidence showing ARS made "even a minimal effort to authenticate the alleged account purported to belong to Hinkle in 2010…" [Doc. 37, pg. 19]  Plaintiff does not cite, nor is ARS aware of, any requirement under 15 U.S.C. § 1681(b)(3)(A) for ARS to do such.  Plaintiff cites a Missouri state collection case for the proposition that "every link in the chain between the party to

---

[5] *Pintos v. Pacific Creditors Association,* 565 F. 3d 1106 (9th Cir. 2009).
[6] *Pintos v. Pacific Creditors Association,* 565 F. 3d 1106, 1114 (9th Cir. 2009).

which the debt was originally owed and the party trying to collect debt must be proven by competent evidence in order to demonstrate standing." [Doc. 31, pg. 11]. *Midwestern Health Management, Inc. v. Walker,* involved a state court collection action where Midwestern Health Management, Inc. sued the debtors, Jeffrey and Mary Walker, on an open account.[7]  In that case, a creditor would need to prove the chain of custody to sue a debtor to collect an account, however that is not the issue in this case.[8]

To the extent Plaintiff demands ARS should have done its due diligence and to authenticate the account prior to accessing the credit report, this appears to be a request for verification of the debt prior to any credit inquiry.  This is not required under 15 U.S.C. § 1681b.  Furthermore, this is not required by the FDCPA, in that collection activity prior to verification is allowed.[9] Plaintiff attempts to argue that at the time

### III. ARS Has Provided Evidence It Could Collect The Account And Identified The Type of Account

---

[7] *Midwestern Health Management, Inc. v. Walker,* 208 S.W. 3d 295 (Mo. Ct. App. 2006).
[8] Plaintiff cites cases regarding the Consumer Credit Protection Act of 1968 and how the act is to be liberally construed.  Plaintiff then states, without citing appropriate citation for the proposition, that "[i]t's provisions are to be construed in favor of recovery by the consumer and against the credit reporting agency or user of credit information."  ARS is unaware of a case or code which specifically stands for this proposition as none are cited.
[9] *Guerro v. RJM Acquisitions, LLC* , 449 f. 3D 926, 940 (9th Cir. 2007).

Plaintiff argues ARS has failed to provide evidence it had a right to collect from Plaintiff and what kind of account it was attempting to collect. In Dan Montenaro's affidavit he testified that ARS was allowed to collect Plaintiff's Capital One credit card since "ARS has contracted with Capital One to collect its unpaid credit card debts." [Doc. 29-3, ¶ 7]. Mr. Montenaro also identifies the account as a Capital One *credit card* account bearing account number xxxx-xxxx-xxxx-9509 [Doc. 29-3, ¶ 8]. During discovery, ARS has provided Plaintiff with a written Capital One application signed by Teri Hinkle, an online Capital One application for Teri Hinkle and corresponding cardholder agreement and billing statements.

### IV.     Plaintiff Is Not Entitled To Punitive Damages

Plaintiff includes an argument and case cites regarding punitive damages. However, Plaintiff failed to plead for punitive damages in her complaint and is not entitled to punitive damages.

### CONCLUSION

ARS has a complete defense to Plaintiff's claim, it has a permissible purpose to access Plaintiff's credit report since it was attempting to collect a credit card debt owed by Plaintiff. Plaintiff has failed to provide any evidence that ARS failed to have a permissible purpose. ARS' motion for summary judgment should be granted.

Respectfully submitted this 22nd day of February 2013.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 203
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>    Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed Defendant's Omnibus Reply Brief in Support of Its Motion for Summary Judgment with the Clerk using the CM/ECF system and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

    Teri Lynn Hinkle
    322 Bethel Street
    Eastman, Georgia 31023

    Respectfully submitted this 22nd day of February 2013.

    **BEDARD LAW GROUP, P.C.**

    /s/ Jonathan K. Aust
    Jonathan K. Aust
    Georgia Bar No. 448584
    John H. Bedard, Jr.
    Georgia Bar No. 043473