IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| Terri Lynn Hinkle<br><br>        Plaintiff,<br><br>v.<br><br><br>ARS National Services, Inc.,<br><br>        Defendant. | CIVIL ACTION<br>FILE NO. 3:12-cv-00052-DHB-WLB |

## RULE 26(f) REPORT

1. Date of Rule 26(f) conference: <u>August 21, 2012.</u>

2. Parties or counsel who participated in conference:

    Plaintiff:      Teri Lynn Hinkle
                    322 Bethel Street
                    Eastman, Georgia 31023
                    Telephone: (478) 374-4132
                    Queensongbird@gmail.com

    Defendant:      Jonathan K. Aust
                    Bedard Law Group, P.C.
                    2810 Peachtree Industrial Blvd.
                    Suite D
                    Duluth, Georgia 30097
                    Telephone: (678) 253-1871, ext. 203
                    Facsimile: (678) 253-1873
                    jaust@bedardlawgroup.com

3. If any defendant has yet to be served, please identify the defendant and state

    when service is expected.

<u>Defendant has been served.</u>

4. Date the Rule 26(a)(1) disclosures were made or will be made:

   <u>Plaintiff – Served on September 2, 2012.</u>

   <u>Defendant – Served on September 19, 2012.</u>

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or propose changes to the timing or form of those disclosures,

   a. Identify the party or parties making the objection or proposal:

   <u>N/A</u>

   b. Specify the objection or proposal:

   <u>N/A</u>

6. The Local Rules provide a 140-day discovery period for discovery. If any party is requesting additional time for discovery,

   a. Identify the party or parties requesting additional time:

   <u>Defendant – In the event Defendant's dispositive motions are denied, Defendant requests an extension of discovery.</u>

   <u>Plaintiff – Plaintiff does not consent and objects to additional time for discovery.</u>

   b. State the number of months the parties are requesting for discovery:

<u>Defendant – In the event Defendant's dispositive motions are denied, Defendant requests a three month extension of discovery from the date of this Court's order regarding the dispositive motion.</u>

<u>Plaintiff – Plaintiff does not consent and objects to additional time for discovery because Defendant has had the ability to commence discovery just as the Plaintiff already has.</u>

   c. Identify the reason(s) for requesting additional time for discovery:

      ____ Unusually large number of parties

      ____ Unusually large number of claims or defenses

      ____ Unusually large number of witnesses

      ____ Exceptionally complex factual issues

      ____ Need for discovery outside the United States

      ____ Other: _____

   d. Please provide a brief statement in support of each of the reasons identified above:

      <u>None.</u>

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

   a. Identify the party or parties requesting such limits:

      <u>None.</u>

   b. State the nature of any proposed limits:

      <u>None.</u>

8. The Local Rules provide, and the Court generally imposes the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or joint parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness Report by a defendant | 90 days after Rule 26(f) conference ( or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

   a. Identify the party or parties requesting the modification:

      <u>Defendant.</u>

   b. State which deadline should be modified and the reasons supporting the request:

      <u>Defendant respectfully requests the deadlines be moved from the date of the Rule 26(f) conference to the date the discovery stay was lifted.</u>

9. If the case involves electronic discovery,

   a. State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored

information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

<u>None.</u>

b. Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

<u>None.</u>

10. If the case is known to involve claims of privilege or protection of trial preparation material,

a. State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production after production of either electronic or other discovery material:

<u>Defendant asserts the need for a protective order to be entered by the Court to protect against public disclosure of certain confidential and proprietary information which the Defendant anticipates will be requested by the Plaintiff in discovery.</u>

b. Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

See Doc. 16 – Stipulated Protective Order.

c. Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

None.

11. State any other matters the Court should include in its scheduling order:

Defendant - Defendant respectfully requests that the discovery deadlines run from the date of this Court's ruling on the pending dispositive motions.

Plaintiff – Plaintiff requests discovery deadlines run from the lift of the stay as per previous Court order.

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case.  Please state any specific problems that have created a hindrance to the settlement of the case:

Plaintiff – Plaintiff cites discovery delays.

This 7th day of March, 2013.

Signed: _____
Teri Lynn Hinkle
*Pro se plaintiff*


/s/ Jonathan K. Aust
Jonathan K. Aust
*Counsel for Defendant*

   c. Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

   <u>None.</u>

11. State any other matters the Court should include in its scheduling order:

    <u>Defendant</u> - <u>Defendant respectfully requests that the discovery deadlines run from the date</u> ~~the stay was lifted.~~ <u>of this Court's ruling on the pending dispositive motions.</u>

    <u>Plaintiff – Plaintiff requests discovery deadlines run from the lift of the stay as per previous Court order.</u>

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

    <u>Plaintiff – Plaintiff cites discovery delays.</u>

    This 4th day of March, 2013.

    Signed: *(signature)*
    Teri Lynn Hinkle
    *Pro se plaintiff*


    /s/ Jonathan K. Aust
    Jonathan K. Aust
    *Counsel for Defendant*

- 6 -